# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 7, 2010 Session

## ROB MATLOCK d/b/a ROB MATLOCK CONSTRUCTION v. REGINA M. ROURK

### Appeal from the Circuit Court for Franklin County
No. 17,134-CV     Buddy D. Perry, Judge

---

### No. M2009-01109-COA-R3-CV - Filed July 20, 2010

---

A homeowner and a contractor agreed to use mediation to resolve their disagreement over the contractor's bill for home renovations. The mediation resulted in an agreement, signed by both parties and their attorneys, which provided that the homeowner would pay the contractor $14,000 and that the parties would release each other from any and all claims. The homeowner paid $11,000, but refused to pay the rest. The contractor sued for the deficiency and filed a motion for summary judgment. The homeowner argued that she did not owe the money because the mediation procedure was unfair and because it did not comply with the requirements of Supreme Court Rule 31. The trial court granted summary judgment to the contractor and ordered the homeowner to pay him $3,000. We affirm the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Regina M. Rourk, Sewanee, Tennessee, Pro Se.

Frank Van Cleave, Tullahoma, Tennessee, for the appellee, Rob Matlock d/b/a Rob Matlock Construction.

### OPINION

#### I. BACKGROUND

Appellant Regina M. Rourk entered into a contract in March of 2007 with appellee Rob Matlock d/b/a Matlock Construction ("Matlock") for Matlock to do renovations on her newly purchased home. Matlock's estimate for the renovations was $13,400, which was later

reduced by oral agreement to $13,000. He finished the work in May of 2007, and he presented Ms. Rourk with a bill for $25,683. Ms. Rourk offered to pay Mr. Matlock $16,000,[1] but she refused to pay the remainder of the bill because Matlock had done additional work on the house without a change order and without any discussion of additional costs. Ms. Rourk was also dissatisfied with the quality of the work.

Mr. Matlock threatened to file suit, and the parties decided to take the matter to mediation. Both parties retained attorneys to represent them at the mediation. Ms. Rourk also asked a friend of hers, Keith Childress, to drive down from Michigan to be present at the mediation. When the time for mediation arrived, mediator Clinton Swafford announced that third parties would not be allowed to attend. Mr. Childress left, and the mediation proceeded with the parties and their attorneys present.

With the help of the mediator, the parties negotiated a settlement, which they memorialized in a hand-written document that was signed by both parties and by their attorneys. The agreement reads in its entirely,

## Mediation Agreement

The parties agree to settle their disputes with the following resolution:

1. Regina Rourk will pay to Rob Matlock the sum of $14,100, with (sic) 10 days.
2. The parties will each pay one half of the mediator's fee charged by Clinton Swafford for his services.
3. Each party releases the other from all claims of any kind.

Dated May 13, 2008

On May 25, 2008, Ms. Rourk sent Mr. Matlock a letter with a check for $11,000, which the letter stated was "in partial payment for the agreed-upon amount." The letter also stated that Ms. Rourk was waiting on a new loan from the bank so that she could obtain the additional funds and that when the paperwork was completed, she would write a check for the balance. However, Ms. Rourk never sent a second check. In her affidavit, she stated that "[t]he mediation never set well with me," and that she had learned that the mediator's exclusion of her friend from the proceedings was inconsistent with Rule 31 of the Rules of

---

[1] At oral argument, Ms. Rourk stated that she had paid Mr. Matlock $5,000 in advance. Thus, we construe the statement in her brief that she was prepared to pay $16,000 to mean that she was prepared to pay another $11,000 beyond the advance.

the Supreme Court.

## II. COURT PROCEEDINGS

Mr. Matlock filed a civil action for breach of contract against Ms. Rourk in the General Sessions Court of Franklin County. Ms. Rourk responded with a motion to set aside the mediation settlement agreement, and she asked the court to schedule a new mediation. After a hearing, the court ruled in favor of Mr. Matlock and ordered Ms. Rourk to pay him $3,000 plus interest at the rate of 10%.[2] Ms. Rourk then filed a timely appeal to the Circuit Court of Franklin County. Mr. Matlock filed a motion for summary judgment in the circuit court, accompanied by his affidavit and a brief in support of his motion. Ms. Rourk, acting *pro se*, filed a motion to deny the motion for summary judgment, accompanied by her own affidavit, the affidavit of Keith Childress, and a brief in support of her motion.

A hearing was held on the motion, and a few days later, the trial court sent a letter to the parties stating that "[a]fter reviewing the files, it is my judgment that this is a proper case for summary judgment," and it ordered Mr. Matlock's attorney to draft the order. In the order, which was filed on April 28, 2009, the court stated that it found that the parties had entered into a valid and enforceable contract following the mediation, that there were no disputed issues of material fact, and that Mr. Matlock was entitled to a $3,000 judgment as a matter of law. This appeal followed.

## III. STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Id.* Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d at 763 (Tenn. 2004). Those requirements are that the filings supporting the motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair*, 130 S.W.3d at 764.

The moving party has the burden of demonstrating it is entitled to judgment as a matter of law and that there are no material facts in dispute. *Martin*, 271 S.W.3d at 83;

---

[2]Although the sum recited in the Arbitration Agreement implied a possible judgment of $3,100 in this case, Mr. Matlock only asked for a $3,000 judgment.

*McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998). To be entitled to summary judgment, a defendant moving party must either (1) affirmatively negate an essential element of the non-moving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 9 (Tenn. 2008). If the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of a genuine issue of material fact. *Martin*, 271 S.W.3d at 84; *Hannan*, 270 S.W.3d at 5; *Staples v. CBL & Associates*, 15 S.W.3d 83, 86 (Tenn. 2000) (citing *Byrd v. Hall*, 847 S.W.2d at 215).

In our review, we must consider the evidence presented at the summary judgment stage in the light most favorable to the non-moving party, and we must afford that party all reasonable inferences. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001).

## IV. AN ENFORCEABLE AGREEMENT

An agreement reached after mediation which is reduced to writing and is signed by both parties is construed and enforced in the same manner as other contracts. *Barnes v. Barnes*, 193 S.W.3d 495, 499 (Tenn. 2006); *see also Ledbetter v. Ledbetter,* 163 S.W.3d 681, 686 (Tenn. 2005).[3] A corollary is that such an agreement is also subject to the same defenses that may be raised to defeat enforcement of other contracts. Whether or not a contract is enforceable is a question of law, which we review *de novo,* with no presumption of correctness accorded to the decision of the court below. *Doe v. HCA Health Services of Tennessee*, 46 S.W.3d at 196; *German v. Ford*, 300 S.W.3d 692, 701 (Tenn. Ct. App. 2009).

Ms. Rourk argues that the trial court erred in granting summary judgment to Matlock because the settlement agreement she signed after mediation was unenforceable. However, she has not asserted any of the recognized defenses to enforcement of an unambiguous contract that the parties have mutually assented to and which is otherwise regular on its face.

Instead, Ms. Rourk's stated ground is that the mediator excluded her friend Keith Childress from the mediation,[4] in violation of the rules governing such proceedings. She

---

[3]The Supreme Court's primary holding in *Ledbetter* is that an oral agreement reached in mediation is not an enforceable contract until and unless it has been reduced to writing and signed by the parties.

[4]According to the affidavits of both Ms. Rourk and Mr. Childress, Ms. Rourk's attorney had first told them that he "didn't see a problem" with the participation of Mr. Childress, but that they were later told by the mediator that third parties were not allowed to attend.

claims that "this process is very intimidating to me," so she was relying on the presence of Mr. Childress for "moral support" as well as for his expertise in construction matters.

Mr. Matlock asserts that the mediation agreement is an enforceable contract. He notes that Ms. Rourk was represented by an attorney at all relevant times, that she and the attorney both signed the agreement, and that Ms. Rourk later affirmed the agreement in her letter of May 25, 2008. Ms. Rourk explained, however, that she mounted her challenge to the agreement after she sent her letter because she subsequently learned that the mediator had not acted in compliance with the standards regulating the conduct of Dispute Resolution Neutrals under Tennessee Supreme Court Rule 31.

Ms. Roark's reliance on that rule is misplaced. Tennessee Supreme Court Rule 31 authorizes the courts to order parties to submit their disputes to alternative dispute resolution proceedings, and it sets out procedures and standards to be followed in such proceedings. The mediation in the case before us was initiated before any lawsuit had been filed and was not ordered by any court. Consequently, Rule 31 does not apply. "The standards and procedures adopted under this rule apply only to Rule 31 ADR Proceedings and only to Dispute Resolution Neutrals serving pursuant to this rule. They do not affect or address the general practice of alternative dispute resolution in the private sector outside the ambit of Rule 31." Tenn. R. S. Ct. 31, sec. 1.[5] Accordingly, Tenn. R. S. Ct. 31 does not apply to the conduct of the mediation herein.

Ms. Rourk has not presented any relevant authority indicating that a mediator in a private mediation does not have the discretion to allow or disallow nonparties into the mediation. Even if Rule 31 were to apply, nothing therein specifically permits, or specifically forbids, the presence or participation of a third party during a mediation to assist one party or another. We find no basis for refusing to enforce the settlement agreement arising from the mediation herein simply because Ms. Rourk's friend was not present during the mediation discussions. Additionally, neither Ms. Rourk nor her attorney objected to the exclusion of Mr. Childress.[6]

---

[5]Ms. Rourk notes that Supreme Court Rule 8, which regulates the professional practice of law, indicates that "the scope of a lawyer's possible service as a neutral is intended to be generally the same as that adopted in Tennessee Supreme Court Rule 31 governing court-annexed alternate dispute resolution, whether or not that service is rendered in connection with court-annexed alternate dispute resolution." Commentary [3] to Rule 8, RPC 2.4. Nonetheless, we find nothing in this ethical rule that modifies the clear statement in Section 1 of Rule 31, quoted herein, of the rule's applicability.

[6]Ms. Rourk asserted that she did not object to the exclusion of Mr. Childress from the mediation because she did not know that there was any legal ground for objection until several weeks later. While we

(continued...)

As stated earlier, Ms. Rourk has not alleged any of the recognized defenses to enforcement of a contract. Nor do her factual allegations suggest the existence of one of those defenses. Her statement that she needed the support of Mr. Childress because "the process is very intimidating to me" does not suggest that she lacked the competence to enter into a contract without his help; that the agreement was induced through fraud or misrepresentation; or that it was the product of duress or undue influence. None of the facts she alleged implies that the agreement resulted from mutual mistake or from unilateral mistake which is induced by the fraud or misrepresentation of the other party. *Holiday Hospitality Franchising, Inc. v. States Resources, Inc*., 232 S.W.3d 41, 51 (Tenn. Ct. App. 2006) (citing *Kozy v. Werle*, 902 S.W.2d 404, 411 (Tenn. Ct. App.1995)).

In sum, after applying the appropriate standard of review to the trial court's grant of summary judgment, we agree with the trial court that the mediation settlement agreement is an enforceable contract.

## V. TRIAL COURT PROCEEDINGS

In addition to her objections to the exclusion of Mr. Childress from the mediation, Ms. Rourk also challenges the procedures followed by the trial court in the summary judgment hearing.[7] She argues that the court failed to consider the standards for shifting the burden of production in summary judgment proceedings set out in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008); that she was unable to present her oral argument in its entirety because she was interrupted by the trial judge; and that the summary judgment order was not submitted to her for review before it was entered.

The burden-shifting analysis set out in *Hannan* involves the burden to produce evidence to demonstrate the existence or nonexistence of a dispute of material fact. It is not applicable to a case, such as the one before us, where there is no dispute as to the material facts, but only as to the legal conclusions to be drawn from such facts. The determinative question before the trial court was whether the mediation settlement agreement was enforceable, which is a question of law.

---

[6](...continued)
have determined that her discovery of Rule 31 does not constitute a legal ground for refusing to enforce the settlement agreement, as far as we can determine, there was no bar to voicing an objection.

[7]According to Ms. Rourk's brief on appeal, she presented her case during the motion hearing by reading from a prepared statement. As she was attempting to cite the legal basis for her opposition to summary judgment, the trial court interrupted her, stating, "I don't need you to read the law to me, Ms. Rourk." The court then said it would review the motions and would follow with a letter stating its decision.

All courts possess the inherent power to maintain control over the proceedings conducted before them, and "their decisions concerning the conduct of the court's business are entitled to appellate deference," and are thus to be reviewed on appeal under the abuse of discretion standard. *In re Ellis*, 822 S.W.2d 602, 605 (Tenn. Ct. App. 1991).

Ms. Rourk does not claim that her oral presentation included any arguments that differed from what was contained in her motion or in the brief in support of that motion, but only that the trial court stopped her while she was reading from a prepared statement. There is no transcript of the hearing in the record. In any event, even if the trial court shortened Ms. Rourk's presentation, it did not abuse its discretion, and she has shown no resulting harm.

Additionally, Ms. Rourk has been given the opportunity to present all her arguments on appeal, both through her briefs and through oral argument, and we have conducted a *de novo* review of those arguments without according any presumption of correctness to the trial court's decision. It thus appears to us that even if there were any error in the manner in which the trial court conducted the summary judgment hearing, and we hold there was not, such error has been cured by our review.

Finally, as Ms. Rourk points out, Rule 15.01 of the Twelfth Judicial District requires attorneys for prevailing parties to prepare orders for entry by the court, which orders must be approved by all counsel. Her signature does not appear on the final order in this case, and she complains that the order was not submitted to her prior to entry. It appears that this oversight occurred. However, Ms. Rourk does not claim that the order deviated in any respect from the decision of the trial court as announced in the letter sent out shortly after the motion hearing. We therefore do not find that the failure to submit the order to her prior to entry constituted reversible error.

**IV.**

The judgment of the Circuit Court is affirmed. We remand this case to the Circuit Court of Franklin County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
PATRICIA J. COTTRELL, JUDGE