**Joe CHADWELL and Demolition Landfill, Petitioners–Appellees,**

v.

**KNOX COUNTY, Tennessee and the Board of Zoning Appeals, Respondent–Appellant,**

v.

**UNITED VALLEYS ASSOCIATION, Intervenor–Appellant.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

March 25, 1998.

Permission to Appeal Denied by Supreme Court Oct. 19, 1998.

Richard T. Beeler, Knox County Law Director and Mary Ann Stackhouse, Deputy

Law Director, for Knox County and Board of Zoning Appeals.

Keith McCord and David L. McCord, McCord, Troutman & Irwin, P.C., Knoxville, for United Valleys Association.

Matthew J. Evans, Butler, Vines & Babb, P.L.L.C., Knoxville, for Joe Chadwell Demolition Landfill.

*OPINION*

DON T. McMURRAY, Judge.

In this action, the petitioners sought judicial review, by way of an application for a writ of certiorari, of a decision of the Knox County Board of Zoning Appeals denying a permit for a "demolition landfill" as a use on review pursuant to the provisions of the Knox County Zoning Ordinance. In the same pleadings, the petitioners sought a declaratory judgment as to whether a "demolition landfill" located on the property of the petitioners came within the "grandfather clause" of Knox County's Zoning Ordinance and, therefore, could not be prohibited from continuing its landfill operation. After a hearing on cross-motions for summary judgment, the trial court determined that the Board of Zoning Appeals had not acted illegally, arbitrarily and capriciously and, therefore, denied relief under the Writ of Certiorari. After this finding, however, the court, in the declaratory judgment action found that the landfill located on the petitioners' property was "grandfathered" under the provisions of the Knox County Zoning Ordinance and that "the land may be operated and permitted for purposes consistent with its past use as a demolition landfill (as presently defined by the Knox County Zoning Resolution)."

From this judgment, the defendants filed a "motion for a new trial and/or to alter or amend the judgment, and/or to amend its findings and judgment." The motion also included a request that the court "make additional findings and/or amend the judgment accordingly with respect to the Court's declaratory judgment on the issue of whether the landfill is 'grandfathered.'" Various affidavits and other evidence were filed with the motion. Thereafter, the court filed a second memorandum opinion. In the second opin-

ion, the court found that the site in question had been continuously used as a demolition landfill from 1959 until 1987. The court further made the following findings:

1. In 1979, Knox County declared the use of a site as a landfill in an area zoned agricultural to be illegal;

2. The petitioner acquired the site in 1980;

3. In 1987, petitioner was ordered to cease and desist pursuant to zoning regulations; and

4. He thereafter initiated proceedings to challenge the order.

The court reaffirmed its findings that the site in question was "grandfathered." This appeal resulted.

The parties to this appeal have presented a multiplicity of issues for our consideration. The basic issues question: (1) whether the use of the property in question was continuously and lawfully used for a sufficient period of time to qualify as a "grandfathered" use; (2) whether a "cease and desist order" issued in 1987 which required the petitioners to cease use of the landfill was sufficient cause to deprive petitioners of their "grandfathered" status; (3) whether the trial court was in error in allowing the appellant and intervening party to introduce new theories of law and new evidence through their motion for a new trial; (4) and was the action of the Board of Zoning Appeals arbitrary and capricious.

We will first note that if the property in question does, in fact, qualify for "grandfathering" status, all other issues are moot. If such is the case, the plaintiffs are entitled to continue a non-conforming use, *i.e.*, the operation of the demolition landfill, unless and until the site is discontinued as provided in the Knox County Zoning Ordinance or as otherwise provided by law.

■ We will first consider the issue of whether obeying the "cease and desist order" was an effective discontinuance of a non-conforming use sufficient to trigger the period of discontinued use provisions of the Knox County Zoning Ordinance. We, like the trial court, are of the opinion that the question is

controlled by *Boles v. City of Chattanooga,* 892 S.W.2d 416 (Tenn.App.1994).

In *Boles,* the City of Chattanooga sought to close an adult oriented book and video store in an area of the city which was no longer zoned for such an establishment. The business was "grandfathered" under the Zoning Ordinance. The District Attorney General brought an action against the owner and operator of the establishment seeking to have it declared a public nuisance and the nuisance abated. A temporary injunction was issued enjoining the continuation and operation of the business. The injunction was later made permanent. An appeal was taken. During the pendency of the appeal, the parties reached an agreement which resulted in the dismissal of the appeal with the understanding that an agreed order would be filed in the trial court enjoining enumerated illegal activities, none of which consisted of operating the book and video store. During the pendency of the entire action, (some two years), the business was closed. After the conclusion of the litigation, the business resumed operation upon the same premises. The city then sought to close the business as being in an area not zoned for an adult-oriented establishment. Their action was premised upon the concept that the owner and operator of the business lost their right to a non-conforming use because they had discontinued the business for more than 100 consecutive days. The plaintiffs responded that the discontinuance of a business under a zoning ordinance must be *voluntary and affirmative.* The city countered that the word "discontinued" in the zoning ordinance means abandonment of a use, whether *voluntary or involuntary.*

This court in *Boles,* discussed and compared the laws and decisions in other jurisdictions, noting that "[t]he various states are split over the meaning of 'discontinued' (or derivatives) in zoning ordinances, but a clear majority of jurisdictions read in a requirement that the cessation of use be voluntary." *Boles,* at 421. (Citations omitted). The court further stated:

> We believe that the term "discontinued" or words of similar import, as utilized in zoning ordinances with specific time limita-
> tions, would be construed to include an element of intent, combined with some act—or failure to act—indicative of abandonment. Landowners who have enjoyed a non-conforming use on their properties, often for many years, no doubt come to rely economically on those non-conforming uses. Moreover, discontinuances can occur for a wide variety of reasons, not all of which stem from alleged violations of law and some of which may be laudable. (Citations omitted).

*Id.,* at 422.

The court further found that the plaintiffs in *Boles,* as here, never evinced any intention to abandon their non-conforming use and that a legally-compelled closing of the establishment cannot be held against them. Stated differently, a legally-compelling cease and desist order does not constitute such an act as to establish any intent on the part of a party to voluntarily abandon a non-conforming use. We, therefore conclude, generally, that the period of time under which the plaintiffs here were under a "cease and desist order" cannot be applied to constitute a discontinuance of the operation for a period of time as specified in the zoning ordinance. We would add a caveat, however, that the "cease and desist order" or other legally cognizable order preventing the continuance of the non-conforming activity, must be challenged within a reasonable time after its issuance. Stated differently, a party cannot rely on the proposition that a "cease and desist order," restraining order, injunction or other such device tolls the running of the time in an ordinance such as the one under consideration here absent due diligence in seeking to preserve non-conforming use rights.

Our next inquiry must be whether the operation of the landfill was a legal or illegal operation. If the landfill was being operated in violation of law, public policy would demand that the time such illegal activities were taking place would not constitute a ground upon which a non-conforming use could be continued under a "grandfather" provision. It is implicit in the law that the "grandfathering clauses" in any statute, resolution or ordinance contemplate a lawful ac-

tivity being conducted which becomes a non-conforming use after passage of a statute, resolution or ordinance. Zoning and land-use ordinances represent an exercise of the police power of a municipal government. *McKelley v. City of Murfreesboro,* 162 Tenn. 304, 36 S.W.2d 99 (1931). Thus, it follows that, in the exercise of its police powers, a county can enforce its lawful ordinances and require termination of illegal activities at any time. Lawful non-conforming uses which were permissible and being carried out before passage of the ordinance or statute are not rendered illegal because of the passage of a subsequent statute or ordinance which contains a provision that the activities may continue until discontinued as provided by the statute or ordinance.

■ No facts nor legal authority have been called to our attention which demonstrate that the landfill was being used illegally at the time of the enactment of T.C.A. § 13–7–208 or the Knox County Zoning Ordinance. It should be noted that Title 13, Chapter 7, Part 1, delegates authority to counties to adopt zoning ordinances and provides the methods by which the same can be done. Title 13, Chapter 7, Part 2, delegates zoning powers to municipalities. Since T.C.A. § 13–7–208 is found under the title, chapter and part dealing with municipalities, it would appear, on the surface, at least, that T.C.A. § 13–7–208 has no application to counties. A closer scrutiny, however reveals otherwise. We are not at liberty to overlook the clear, unambiguous language of any statute and must interpret it in accordance with well-established rules of construction.

... [T]he cardinal rule of Tennessee statutory interpretation is to ascertain and give effect to the intent and purpose of the Legislature in relation to the subject matter of the legislation, all rules of construction being but aids to that end. *Rippeth v. Connelly,* 60 Tenn.App. 430, 447 S.W.2d 380, 381 (1969). A statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation, considering the statute as a whole and giving words their common and ordinary meaning. *Marion Cty. Bd. of Comm'ners v. Marion Cty. Election Comm'n,* 594

S.W.2d 681, 684–85 (Tenn.1980). The Court should assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose. *Anderson Fish & Oyster Company v. Olds,* 197 Tenn. 604, 277 S.W.2d 344, 346 (1955)....

*Crowe v. Ferguson,* 814 S.W.2d 721, 723 (Tenn.1991).

T.C.A. § 13–7–208(b) provides as follows:

(b) In the event that a zoning change occurs in any land area where such land area was not previously covered by any zoning restrictions of any governmental agency of this state or its political subdivisions, or where such land area is covered by zoning restrictions of a governmental agency of this state or its political subdivisions, and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation, permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted; provided, that no change in the use of the land is undertaken by such industry or business.

■ As can be seen, the above section applies not only to municipalities but to any governmental agency of the state or its political subdivisions. Clearly a county is a political subdivision of the State of Tennessee and falls within the contemplation of the legislation. "Where the language contained within the four corners of a statute is plain, clear, and unambiguous and the enactment is within legislative competency, 'the duty of the courts is simple and obvious, namely, to say *sic lex scripta,* and obey it.'" *Miller v. Childress,* 21 Tenn. (2 Hum.) 319, 321–22 (1841).

*Rives v. City of Clarksville,* 618 S.W.2d 502, 505 (Tenn.App.1981) points out the requirements that must be met to invoke the protection of T.C.A. § 13–7–208(b). (1) There must be zoning where there previously was none, or there must be a change in zoning restrictions, and (2) there must be

permissive operation of a business prior to change.

Clearly, the plaintiffs have demonstrated that they were, at the time of its passage, within the protection of T.C.A. § 13–7–208(b). Additionally, the Knox County Zoning Ordinance contains the following provision:

41. NON-CONFORMING USES

411. Any lawful use of buildings or land existing at the time at the time of the passage of this resolution, or whenever a zone shall be changed by amendment to this resolution, may be continued, although such use does not conform to the regulations of the zone in which it is located, and such use may be extended throughout the building or land provided no structural alteration may be made except those required by law or those which are approved by the Building Commissioner for Knox County; if such non-conforming use is discontinued for a period of six months, future use of said premises shall be in conformity with the regulations of the zone in which it is located.

It is likewise clear that the plaintiffs' use of the land in question, at the time of the passage of the Knox County Ordinance, was also within the collateral protection of Section 41 of the Knox County Zoning Ordinance.

No issue is raised by any party to this appeal relating to the timeliness of the appellants' challenge to the "cease and desist order" as a grounds for defeating the "grandfathering" provisions of either the applicable statute or the county ordinance. The appellants, Knox County and Knox County Board of Zoning Appeals rest their case solely on the proposition that an *illegal*, continuing non-conforming use cannot qualify for protection under the "grandfathering" provisions of the Knox County Zoning Ordinance. While we do not disagree with this proposition as an abstract principle of law, we find no room for its application under the particular facts of this case. Accordingly, we find

no merit in the singular issue raised by Knox County and the Knox County Board of Zoning Appeals.

As we have hereinbefore noted, no party has raised any issue relating to the timeliness of the challenge to the cease and desist order served on the appellees. The intervenor party appellant also insists that the illegal use of property prevents the plaintiffs' capacity to be "grandfathered." The disposition of the issue as it relates to Knox County and the Knox County Board of Zoning Appeals is also dispositive of this issue.

The last issue concerns the action of the court in allowing a new legal theory and additional evidence by way of affidavit to be presented for consideration in conjunction with the appellants' motion for a new trial or to alter or amend the judgment. The appellees and the appellant, United Valleys Association, both bring this issue to the attention of the court. The appellee insists that it was error for the court to allow a new theory of law and to consider additional evidence on the appellants' motion. We believe that the prevailing rule in this respect is as follows:

Numerous cases set forth the conditions under which a motion to alter or amend is authorized. The motion to alter or amend allows the trial court to correct any errors as to the law or facts that may have arisen as a result of the court overlooking or failing to consider matters. *See Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284 (E.D.Tenn.1978). The motion may be appropriate when a change in the applicable law has occurred after the trial court's original decree. *See Saylors v. City of Jackson*, 575 S.W.2d 264 (1978). However, we do not find any authority which authorizes a motion to alter or amend in order to allow a party to present her case under a new theory when the facts and law were available to be argued at the trial prior to the court's original decree. We affirm the trial court's denial of the motion to alter or amend.

*Spencer v. Hurd Inv. Properties, Inc.*, 1991 WL 60541, 1991 Tenn. App LEXIS 275.

The court allowed the new evidence and rendered a second memorandum opinion ad-

dressing the issue. In the memorandum opinion the court stated:

"Respondent effectively denied petitioner's status as being grandfathered in its answer, but introduced no evidence and made no argument as to the issue when presented at hearing and in subsequent pleadings.

In absence of a contrary argument the court adopted petitioner's stance.

\* \* \*

The court believes, however, that justice would be better served at this stage of the proceeding by its taking judicial notice of the statutory authority now cited by the respondent and by considering its argument."

After consideration of the additional evidence and argument, the court declined to reverse the outcome of the case but made the following additional findings and conclusions: [1]

The court, however, believes that the Knox County Ordinance, Section 3.61 is controlling:

Any lawful use of buildings or land existing at the time of the passage of this resolution, or whenever a zone shall be changed by amendment to this resolution, may be continued, although such use does not conform to the regulations of the zone of which it is located . . .; If such nonconforming use is discontinued for a period of six months, future use of said premises shall be in conformity with the regulations of this zone in which it is located.

Petitioner's site was continuously used as a demolition landfill from 1959 until 1987.

In 1979, Knox County declared the use of a site as a landfill in an area zoned agricultural to be illegal.

The petitioner acquired the site in 1980.

In 1987, petitioner was ordered to cease and desist pursuant to the zoning regulations.

He thereafter initiated proceedings to challenge the order.

■ We are of the opinion that the chancellor, in the sound exercise of discretion, may consider statutory authority on a motion to alter and amend. We find no error in the actions of the court. In any event the final result remained unchanged.

■ On appeal, the intervenor-appellant pursues even another theory. It is insisted that a property owner who maintained and operated a landfill for the disposal of solid waste without a permit or did not otherwise comply with the Tennessee Solid Waste Disposal Act, (T.C.A. § 68–211–101, et seq.) is not entitled to protect the illegal use under any "grandfathering provisions" of statewide or local laws, rules or regulations.

It is well-settled that issues not raised at trial may not be raised for the first time on appeal. *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn.1983).

*State v. Defriece*, 937 S.W.2d 954 (Tenn.App. 1996)

We, therefore, decline to address the issue or issues relating to the Tennessee Solid Waste Disposal Act, (T.C.A. § 68–211–101, et seq.). In so doing, we should point out that there is a distinction between a "demolition land fill" and other types of landfills such as "solid waste landfills" and "sanitary landfills." A "demolition landfill" is defined in the Knox County Zoning Ordinance as follows:

DEMOLITION LANDFILL—An engineered method of disposing of material that results from construction, land clearing, landscaping or demolition activity. Such materials would include concrete, steel, clean soil, rubble, rock, inert road spoils, gypsum board, brick, glass, lumber, vinyl siding, roofing, fiberglass insulation, asphalt-impregnated materials, tree stumps, brush, branches, leaves and clippings or any other material approved by

---

1. It was during this argument that the appellants brought forth the proposition that T.C.A. § 13–7–

208(b) applies only to municipal zoning.

the State Department of Health and Environment; but not toxic materials such as paint thinners, caulking compounds, asbestos or material containing asbestos, paving and sealing compounds still in a liquid or semi-solid state, or agricultural wastes or any other material prohibited by the State Department of Health and Environment. (*See* Zoning Ordinance for Knox County, Tennessee, article 2, as amended through January 1, 1996).

We concur with the chancellor's findings that the landfill falls within the "grandfather clause" of the Knox County Zoning Regulations. In so doing, we do not intend to imply or suggest in any respect that the site in question may be used for any landfill purpose other than a "demolition landfill." This opinion should not be taken as any indication whatever, that the site could be used for the disposal of any wastes or other materials inappropriate for a "demolition landfill" as that term is defined in the Knox County Zoning Ordinance and regulations.

Further, nothing herein should be construed or taken, inferentially or otherwise, that Knox County cannot require strict compliance with its zoning ordinance and regulations applicable to the operation of a demolition landfill.

We affirm the judgment of the trial court. Costs are assessed to the appellants and the case is remanded to the trial court.

HOUSTON M. GODDARD, Presiding Judge and HERSCHEL P. FRANKS, Judge, concur.