IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 19, 2005 Session

## TOM ALBERT, ET AL. v. PAT FRYE, ET AL.

**Appeal from the Circuit Court for Robertson County**
**No. 9571     Ross H. Hicks, Judge**

---

### No. M2004-02014-COA-RM-CV - Filed February 6, 2006

---

Vernon Frye, a defendant, appeals the grant of a post-trial motion to alter or amend the judgment for the defendant, resulting in a judgment against him of $65,000.  Plaintiffs, Tom and Hazel Albert, sued Vernon Frye on a check he signed and delivered to them but stopped payment on before it was presented to the bank.  Following a bench trial, the trial court dismissed Plaintiffs' claim against Vernon Frye upon the finding Plaintiffs had not proven fraud.  In a post-trial motion to alter or amend, Plaintiffs contended they were entitled to relief pursuant to Tenn. Code Ann. § 47-3-414(b) because Frye, the drawer, was obliged to pay the draft according to its terms without proof of fraud. The trial court agreed and entered a new judgment awarding damages in the amount of the check against Vernon Frye.  Finding the trial court did not abuse its discretion by granting the Tenn. R. Civ. P. 59.04 motion to amend the judgment, we affirm.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Randle W. Hill, Jr., Hermitage, Tennessee, and Joseph V. Ferrelli, Nashville, Tennessee, for the appellants, Pat Frye and Vernon W. Frye.

Joe M. Haynes, Goodlettsville, Tennessee, for the appellees, Tom Albert, Hazel Albert and Alcar Associates, LLC.

#### OPINION

In 2001, Tom Albert and Hazel Albert[1] entered into a contract with Pat Frye for the sale of a business, "The Spa at Springfield."  The purchase price of the business was $75,000, all of which was to be remitted before closing.  Pat Frye delivered $10,000 to the Alberts as earnest money upon the execution of the contract.  The balance of the purchase price was to be paid at the closing in June.

---

[1]The Alberts, husband and wife, were doing business as Alcar Associates.

When it came time to close, Pat Frye was unable to remit the balance. Nevertheless, the Alberts permitted the closing to proceed, and Frye took possession of the business upon the promise she would promptly secure the necessary financing and remit the balance.

On July 6, 2001 the Alberts received a check payable to them in the amount of the balance owing on the contract, $65,000. The check was signed by Vernon Frye, husband of Pat Frye. A handwritten note accompanied the check requesting the Alberts hold the check until the 10th of the month. The Alberts complied with the request. Upon presenting the check to the bank for deposit on July 10, the Alberts learned that Vernon Frye had stopped payment on the check. Although the Alberts made repeated requests for the Fryes to pay the balance owing, they did not. Thereafter, Pat Frye abandoned the business and the Alberts filed this action.

The Alberts filed suit against both Pat and Vernon Frye. The claim against Pat Frye was for breach of contract. The claim against Vernon Frye was on the $65,000 check he signed. Paragraph thirteen of the complaint was the only paragraph setting forth a claim against Vernon Frye. It read, "Plaintiffs further sue Defendant, Vernon W. Frye, on the check which he signed and that is attached hereto as Exhibit B." In his Answer to paragraph thirteen of the complaint, Frye stated: "This paragraph does not require a written response."[2]

In addition to the averments in the complaint, the Alberts set forth a prayer for relief in the complaint that read in pertinent part:

> Premises Considered, Plaintiffs Pray:
> . . . .
> 4. That Plaintiffs be awarded a judgment on the check in the amount of Sixty-Five Thousand ($65,000.00) Dollars;
> 5. That Plaintiffs be awarded treble damages pursuant to T.C.A. § 47-29-101;
> 6. That Plaintiffs be awarded interest, reasonable bank service charges, and court costs pursuant to T.C.A. § 47-29-101;
> 7. That the Court award reasonable attorney's fees to the attorney for the Plaintiffs; and
> 8. For general relief.

The matter went to trial on October 31, 2002. During the bench trial the Alberts contended they were entitled to recover treble damages, reasonable bank service charges, and attorney fees based upon Tenn. Code. Ann. § 47-29-101. The statute pertains to collection on bad checks and requires a showing of fraudulent intent. It reads in pertinent part:

---

[2]The record is silent as to why the defendant believed paragraph thirteen did not require a written response. It should be noted that the defendant was represented by counsel when the answer was filed, and that counsel withdrew after filing the answer and a counter complaint. Substitute counsel made an appearance thereafter and tried the case on behalf of the defendants. The case proceeded to trial on the basis of paragraph thirteen in the complaint and answer as stated above.

(a) A person who, having executed and delivered to another person a check or draft drawn on or payable at a bank or other financial institution, with fraudulent intent either stops payment on the check or draft, or allows the check or draft to be dishonored by a financial institution because of lack of funds, failure to have an account, or lack of an authorized signature of the drawer or necessary endorser, is, if found liable to the holder on the check or draft in a civil action, liable for:

> (1) The face amount of the check dishonored;
> (2) Interest at the rate of ten percent (10%) per annum on the face amount or the remaining unpaid balance of the check or draft from the date of its execution until payment is made in full;
> (3) Any reasonable service charges incurred by the payee in attempting to obtain payment by the bank or other financial institution;
> (4) Court costs incurred in bringing the civil action which is brought by the holder to collect on the check or draft; and
> (5) Reasonable attorney fees incurred by the holder.

Tenn. Code. Ann. § 47-29-101(a).

At the conclusion of the bench trial, the court found that Pat Frye had breached the contract with the Alberts and awarded damages of $74,299.69, which included prejudgment interest. However, the trial court dismissed the claim against Vernon Frye upon the finding the Alberts failed to prove fraudulent intent. The trial court also found that Vernon Frye was not in privity of contract with the Alberts so he could not be liable on a breach of contract claim.

Thereafter the Alberts timely filed a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04 requesting the trial court reverse the dismissal against Vernon Frye. The basis of the motion was that the Fryes were entitled to relief against Vernon Frye based upon Tenn. Code Ann. § 47-3-414(b) which does not require proof of fraudulent intent to hold Vernon Frye, the drawer of the check, liable. The statute the Alberts relied upon provides:

> If an unaccepted draft is dishonored, the drawer is obliged to pay the draft (i) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (ii) if the drawer signed an incomplete instrument, according to its terms when completed, to the extent stated in §§ 47-3-115 and 47-3-407. The obligation is owed to a person entitled to enforce the draft or to an endorser who paid the draft under § 47-3-415.

Tenn. Code Ann. § 47-3-414(b).

-3-

After entertaining extensive arguments from counsel, the trial court granted the motion and entered judgment against Vernon Frye for the amount of the check, $65,000, plus interest from the date the check was dishonored. Vernon Frye then filed a motion to alter or amend requesting the court reinstate the dismissal of the action against him. The trial court denied Mr. Frye's motion following which he filed a notice of appeal.

## STANDARD OF REVIEW

The propriety of granting a motion to alter or amend a judgment pursuant to Tenn. R. Civ. P. 59.04 is subject to an abuse of discretion review. *See Spencer v. A-1 Crane Service Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994); *Bradley v. McLeod,* 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). A trial court will be found to abuse its discretion when its ruling is against logic and causes harm to a complaining party or when the trial court applies an incorrect legal standard, *Eldridge v. Eldridge,* 72 S.W.3d 243, 247 (Tenn. 1999). However, the decision of the trial court should be upheld "so long as reasonable minds can disagree as to the propriety of the decision." *State v. Scott*, 33 S.W.3d 746, 751 (Tenn. 2000).

## ANALYSIS

Vernon Frye argues that the only statute cited in the complaint was Tenn. Code Ann. § 47-29-101, that any relief the Alberts may be entitled to is limited to that statute, and the Alberts may not seek additional relief under a new theory by means of a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04.

Rule 8.01 of the Tennessee Rules of Civil Procedure sets forth the general requirements for pleading a claim for relief. As the rule provides, a claim for relief in a complaint shall contain two components: (1) a short and plain statement of the claim showing the plaintiff is entitled to relief, and (2) a demand for judgment.[3] Tenn. R. Civ. P. 8.01. In paragraph thirteen of the Alberts' complaint, they state, "Plaintiffs further sue Defendant, Vernon W. Frye, on the check which he signed and is attached hereto as Exhibit B." Although the plaintiffs could have elaborated to explain their claim, elaboration is not required by Rule 8.01 and paragraph thirteen leaves no doubt that the Alberts were suing Vernon Frye for dishonoring the $65,000 check he signed. The second requirement under Rule 8.01 is a demand for judgment for the relief the plaintiff seeks. The Alberts satisfied this component with the fourth paragraph of the prayer for relief. It reads, "4. That Plaintiffs be awarded a judgment on the check in the amount of Sixty-Five Thousand ($65,000.00) Dollars." It is difficult to envision how the Alberts could have been more clear in stating the claim for relief.

---

[3] Every pleading stating a claim or defense relying upon a violation of a statute shall either specifically refer to the statute or state all of the facts necessary. Tenn. R. Civ. P. 8.05 (1) This case, however, does not involve a violation of a statute and thus would not require this type of specificity.

In addition to seeking a judgment on the check in the amount of the check, as stated in paragraph four under the prayer for relief, the Alberts also sought damages that Tenn. Code Ann § 47-29-101 afforded. Vernon Frye misconstrued the additional demands for relief pursuant to Tenn. Code Ann. § 47-29-101 as a limitation on the relief the Alberts were seeking and therefore a limitation on the relief they are entitled to receive. To the contrary, the demands for judgment stated in paragraphs five, six and seven of the prayer for relief are in the alternative or are of different types as permitted by Tenn. R. Civ. P. 8.01. The last sentence of Rule 8.01 expressly authorizes relief in the alternative or of several different types. Moreover, the Advisory Commission Comments to Rule 8.01 expressly acknowledges that the rule "also authorizes demands for alternative or different types of relief." Accordingly, we find the references in the complaint to relief pursuant to Tenn. Code Ann. § 47-29-101 were not in limitation of the relief to which the Alberts were entitled, but instead were in the alternative, as Tenn. R. Civ. P. 8.01 permits.

Tenn. R. Civ. P. 59.04 affords the trial court the opportunity to correct any errors as to the law or facts that may have arisen as a result of an oversight or the failure to consider a matter. *See Chadwell v. Knox* County, 980 S.W.2d 378, 383 (Tenn. Ct. App. 1998)(citing *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284 (E.D. Tenn. 1978)). The rule, however, may not be employed to alter or amend a judgment in order to allow a party to present a new theory. *Chadwell*, 980 S.W.2d at 383. The relief sought by the Alberts in their post-trial motion did not raise a new legal theory. The Alberts stated a claim against Vernon Frye based on the $65,000 check he signed, as explained in paragraph thirteen of the complaint, and the relief the trial court granted following the Rule 59.04 motion was exactly the relief the Alberts demanded in paragraph four under their prayer for relief. Therefore, the Alberts did not asset a new claim in contravention of Tenn. R. Civ. P. 59.04. Moreover, the trial court properly exercised its discretion when it granted the Alberts' motion to alter or amend the judgment and by entering judgment against Vernon Frye for the amount of the check pursuant to Tenn. Code Ann. § 47-3-414.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Appellants, Pat Frye and Vernon W. Frye.

_____
FRANK G. CLEMENT, JR., JUDGE