# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 13, 2010 Session

## JONI LYNN JENNINGS v. MARK ALLAN JENNINGS

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-06-1240-II     Arnold Goldin, Chancellor**

---

**No. W2009-02504-COA-R3-CV - Filed December 8, 2010**

---

After Husband and Wife filed cross petitions for orders of protection, they entered Consent Injunctions restricting communications between them.  Subsequently, the parties filed competing petitions for contempt, alleging violations of the Consent Injunctions.  On appeal, Husband argues that the Consent Injunctions were improperly entered, and therefore, that the trial court's criminal contempt conviction, which was based upon violations of such injunctions, cannot stand.  We affirm the decision of the chancery court, and finding the appeal frivolous, we remand for a determination of damages.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Mark Allan Jennings, Olive Branch, MS, *pro se*, (filed initial Appellant's Brief);
James E. Thomas, Memphis, TN, attorney for the appellant, (filed Reply Brief of Appellant)

Stephen F. Libby, Memphis, Tennessee, for the appellee, Joni Lynn Jennings

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

Joni Lynn Jennings ("Wife") and Mark Allan Jennings ("Husband") divorced in 2007, and Wife was named primary residential parent of the parties' minor child. Thereafter, the parties filed cross petitions for orders of protection.[2] In May 2009, the parties entered a document styled "Consent Injunctions" in the Shelby County Chancery Court, which provided in relevant part:

> In an effort to resolve [the petitions for orders of protection] without further litigation, the parties agree and the Court enters an injunction as follows:
>
> . . . .
>
> Each party is enjoined from telephoning, contacting or otherwise communicating with the other, either directly or indirectly, except as provided herein.
>
> . . . .
>
> All future contact between the parties shall be limited to emails and any emails between the parties shall solely relate to the parties' minor child.
>
> . . . .
>
> If either party violates this Order, that party may be held in contempt of court and punished by incarceration in the Shelby County Jail.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The petitions are not contained within the record, however, the chancery court's "Consent Injunctions" states that such petitions were filed and that a hearing was scheduled for their resolution.

On August 7, 2009, Wife filed a petition for contempt and scire facias in the chancery court claiming that Husband had violated the Consent Injunctions by sending a July 22, 2009 email which did not relate to the parties' child and which she alleged constituted stalking, in violation of the injunction. Husband filed a counter-complaint for contempt and scire facias against Wife, alleging harassment through phone calls, notes and e-mails, as well as unwelcomed visits. Following a hearing, the chancery court entered an order finding Husband in criminal contempt and dismissing his counter-complaint against Wife. The order provided in part:

> Based on the evidence introduced in this matter, the Court finds that Defendant Mark Allan Jennings is guilty beyond a reasonable doubt of criminal contempt for violation [of the Consent Injunctions] order.
>
> Specifically, the Court finds that Defendant Mark Allan sen[t] an email with the following text to Plaintiff on or about July 22, 2009:
>
> > **From:** Mark Jennings [   ]
> > **Date:** July 22, 2009 6:13:44 PM CDT
> > **To:** Joni Joni [   ]
> > **Subject: Spyware**
> >
> > Please remove the spyware from your computer. After you do that please change all of your passwords. I got everything I need and don't forget to remove your ad with Mommies in Memphis looking 4 roommates.
> >
> > P.S. It's what you don't say that hurts me and I don't believe you ever will say it. That is why I pray for you.

The court sentenced Husband to 10 days imprisonment, suspended, and after finding the parties' child in custody of the paternal grandmother, it modified the Consent Injunctions to prohibit any future contact between the parties unless either party regained custody. Husband appeals.

## II.  ISSUES PRESENTED

Husband presents the following issues for review, as we perceive them:

1.     Whether the Consent Injunctions were properly entered in the chancery court; and

2.       Whether the trial court erred in finding Husband guilty of criminal contempt.

Additionally, Wife presents the following issue, summarized as follows:

3.       Whether Wife should be awarded attorney fees for frivolous appeal.

For the following reasons, we affirm the decision of the trial court, we award Wife her attorney fees based upon a frivolous appeal, and we remand for a determination of damages in accordance with Tennessee Code Annotated section 27-1-122.


## III.   DISCUSSION

### A.  Entry of Consent Injunctions

On appeal, Husband argues that the Consent Injunctions order, the violation of which was the basis of Husband's criminal contempt conviction, was entered in error, and therefore, that his criminal contempt conviction cannot stand.   He states that Wife's counsel "unlawfully prepared the Consent Injunctions" and entered it in the "wrong jurisdictional court"–that it was intended for entry in juvenile, rather than chancery court.

Husband correctly points out that he did not sign the Consent Injunctions.  He claims that Mitzi Johnson, who signed the order as his counsel, was without authority to do so because she only represented him in juvenile proceedings,[3] and not in chancery court. However, Husband cites no direct evidence limiting Ms. Johnson's representation to juvenile court. Instead, his argument is based upon a lack of evidence.  He claims that the record does not contain Ms. Johnson's notice of appearance of counsel, and that with the exception of the Consent Injunctions and a "Consent Order of Withdrawal,"[4] that Ms. Johnson's signature does not appear in the record.   He further claims that the chancery court's docket sheet does not reference Ms. Johnson as ever representing Husband with regard to the Consent Injunctions, but he provides no citation to the "docket sheet" and we are unable to find such document within the record.

---

[3]From the record, it appears that a dependency and neglect petition was filed against one or both of the parties in juvenile court.

[4]Husband does not state the date Ms. Johnson allegedly withdrew her representation and we are unable to locate the "Consent Order of Withdrawal" within the record.

-4-

From our review of the very limited record, we find no indication that Husband, prior to this appeal, challenged either Ms. Johnson's authority to sign the Consent Injunctions or the court in which it was filed. In fact, it was for alleged violations of the Consent Injunctions that Husband filed his counter-complaint for contempt against Wife. In his motion for criminal contempt, counter-complaint for contempt, and "Motion to Have Medical Records Released Transferred," all of which he signed, Husband acknowledged that the "parties [had] agreed to a mutual injunction" and that the parties' petitions for orders of protection had been "transferred to th[e] chancery court" from general sessions court.

"It is well established that the appellate courts of this state will not entertain issues raised for the first time on appeal." *Southern Sec. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. W2004-02700-COA-R3-CV, 2005 WL 3527662, at *7 (Tenn. Ct. App. Dec. 27, 2005) *perm. app. denied* (Tenn. June 5, 2006) (citing *City of Cookeville v. Humphrey*, 126 S.W.3d 897, 905-06 (Tenn. 2004); *Lawrence v. J.L. Stanford & Ashland Terrace Animal Hosp.*, 655 S.W.2d 927, 929 (Tenn. 1983); *Chadwell v. Knox County*, 980 S.W.2d 378, 384 (Tenn. Ct. App. 1998)). Moreover, "[i]t is the appellant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which form the basis of the appeal." *State v. Sanders*, No. W2006-00760-CCA-R3-CD, 2009 WL 1424188, at *10 (Tenn. Crim. App. May 20, 2009) *perm. app. denied* (Tenn. Oct. 19, 2009) (citing *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993)). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence and correct." *Id.* (citations omitted). Both because it appears that Husband failed to challenge Ms. Johnson's authority to sign the Consent Injunctions or its entry in chancery court, and because Husband has failed to provide sufficient evidence from which to review these issues, we find the Consent Injunctions order was properly entered.

### B.    Sufficiency of the Evidence

In his initial brief, filed pro se, Husband argued that the trial court lacked sufficient evidence to find him guilty of criminal contempt beyond a reasonable doubt. However, in his reply brief, filed with the assistance of counsel, Husband conceded "that the record is void of any transcript or statement of evidence, and that a review of the Chancellor's factual findings [is] not possible." Husband, nonetheless, renewed his argument that the Consent Injunctions had been improperly entered, and therefore, that a contempt conviction could not be based on a violation of such. For the reasons set forth above we find this issue without merit.

### C.    Attorney Fees

Finally, we address Wife's request for attorney fees based upon a frivolous appeal. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.,* 697 S.W.2d 340, 343 (Tenn. 1985)). "Successful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* (quoting *Davis v. Gulf Ins. Group,* 546 S.W.2d 583, 586 (Tenn. 1977)). An appeal is frivolous when it has "no reasonable chance of success," or is "so utterly devoid of merit as to justify the imposition of a penalty." *Id.* (citing *Combustion Eng'g, Inc. v. Kennedy,* 562 S.W.2d 202, 205 (Tenn. 1978); *Jackson v. Aldridge,* 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999)). We exercise our discretion under this statute sparingly so as not to discourage legitimate appeals. *Id.*

In determining whether this appeal is frivolous, we bear in mind that Husband's initial brief was filed pro se. We "'take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system.'" *Conner v. Magill,* No. W2003-01988-COA-R3-CV, 2004 WL 1869957, at *4 (Tenn. Ct. App. Aug. 18, 2004) *perm. app. denied* (Tenn. Jan. 25, 2005) (quoting *Young v. Barrow,* 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003)). However, we must also ensure that we are not unfair to the opposing party. *Id.* (citing *Young,* 130 S.W.3d at 62). Because Husband's appeal had "no reasonable chance of success," *see Whalum*, 224 S.W.3d at 180-81, we grant Wife's request for attorney fees based on a frivolous appeal.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery. We find that this appeal is frivolous and we remand for a determination of damages in accordance with Tennessee Code Annotated section 27-1-122. Costs of this appeal are taxed to Appellant, Mark Allan Jennings, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.