IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 21, 2013 Session

## NITRA LYNN HAGGARD v. DYLAN HAGGARD

**Direct Appeal from the Chancery Court for Henderson County**
**No. 24904      James F. Butler, Chancellor**

---

**No. W2012-00360-COA-R3-CV - Filed May 28, 2013**

---

After the trial court entered a final decree of divorce, the wife filed a motion to alter or amend, seeking a modification of the division of marital property. The trial court granted the motion to alter or amend, stating that the court was operating under a misconception concerning the wife's position at trial, which rendered the division of marital property inequitable. The court awarded an asset previously awarded to the husband to the wife instead. Husband appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Brandon L. Newman, James B. Webb, Trenton, Tennessee, for the appellant, Dylan Haggard

Barbara Hobock, Humboldt, Tennessee, for the appellee, Nitra Lynn Haggard

## I.  FACTS & PROCEDURAL HISTORY

Nitra Lynn Haggard ("Wife") and Dylan Mark Haggard ("Husband") were married for nine years and had no children.  Wife filed a complaint for divorce in 2010, and Husband filed a counter-complaint for divorce.  The divorce trial was held on July 28, 2011.  The parties were the only witnesses to testify.  Wife submitted a proposed division of marital property, which was made an exhibit at trial.  She proposed that Husband would be awarded several of the parties' marital assets, but Wife testified that she was seeking a monetary award representing her marital share of those assets, either in the form of a lump sum or, if necessary, in monthly payments until the property settlement was paid in full.

The trial court took the matter under advisement and issued a letter ruling on August 12, 2011.  A final decree of divorce was entered on September 1, 2011.  The trial court divided the parties' marital estate in such a manner that Husband received marital assets valued at $119,847.49, including three parcels of real property, and Wife received marital assets valued at only $16,598.01.  There was no mention in the order of a monetary award to the Wife representing her share of the marital assets awarded to Husband.

Wife filed a motion to alter or amend on September 8, 2011.  She asserted that although she had not specifically requested any of the property awarded to Husband, "it was not her intention to forfeit her claim to an equitable division of the property accumulated during the marriage."  Wife pointed out that during the divorce trial, she testified that she was requesting that her equitable share be awarded in the form of a monetary lump sum or a property settlement that would be paid by Husband in monthly payments until paid in full.  In the event that the court determined that Husband lacked the ability to pay Wife for her marital share, Wife asked that she be awarded unencumbered marital assets instead.

Husband filed a response in which he argued that the division of marital property was equitable and that there was no "mistake" in the divorce decree "so as to make a motion to alter or amend appropriate under the rules of civil procedure."

Following a hearing, the trial court entered an order granting Wife's motion to alter or amend.  The order stated, in pertinent part:

> The Court finds after review that the division is not equitable. The Court was
> under a misconception that Wife did not want any property awarded to the
> Husband, and did not understand that she wanted a cash settlement instead.
> The Court now understands that and upon review of the testimony concerning

Husband's income, the Court does not find that he would be able to make a cash settlement with Wife in any meaningful fashion. Therefore, the Court will resolve the issue by awarding the Wife the real estate located at 2570 Highway 412 East, Darden TN 38328 that the Court found had a value of $47,000.00 and no debt.[1]

The order stated that this alteration of the divorce decree would result in an equitable division of the marital estate. Husband timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, Husband states the issue presented as:

[Whether] [t]he Trial Court abused its discretion when, after giving a thorough analysis and written finding of fact with regard to the division of marital property and debt, the Court held, upon a motion to alter or amend with no additional proof presented, the division was not equitable, the court misunderstood what the wife "intended" to prove at trial, and awarded the wife additional real property.

For the following reasons, we affirm the decision of the chancery court.

## III. STANDARD OF REVIEW

"We review a trial court's ruling on a motion to alter or amend a judgment filed pursuant to Tennessee Rule of Civil Procedure 59.04 under the abuse of discretion standard." *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (citing *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008)). An abuse of discretion will be found "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

## IV. DISCUSSION

Husband argues on appeal that the trial court erred in granting the motion to alter or amend because its original division of marital property was equitable. He claims that when one takes into account the alimony awarded to Wife ($450 for 24 months), the award of her

---

[1] The Darden property transferred to Wife was a rental property.

attorney's fees (roughly $5,000), and the fact that Wife has no debt, then the division of marital property in the original order was equitable. Even if we were to compare these totals, for the sake of argument, Husband concedes that adding Wife's alimony award and the award of her attorney's fees to her original award of marital property still only totals $36,297.51, while Husband was awarded property valued at $119,847.49. Husband points out that some of the marital assets he was awarded were encumbered by debt. However, the trial court specifically considered the debts in its valuation of the marital estate, and $119,847.49 is the value of the *equity* in the assets awarded to Husband.[2] We agree with Husband's contention that a marital property division is not rendered inequitable simply because it is not mathematically equal, *see Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996), but a marital property division must nevertheless "reflect essential fairness in light of the facts of the case." *Id.* Here, the trial court's original division of the marital estate was plainly inequitable. Notably, Husband does not argue on appeal that the trial court's *final* distribution of the marital estate was inequitable.

Husband contends that a motion to alter or amend cannot be used in the manner in which it was applied by the trial court. He claims that Wife was simply trying to "relitigate" the issues already resolved by the initial divorce decree. He argues that when the motion to alter or amend pointed out Wife's "intention" to seek a monetary award representing her share of the marital property, this amounted to "new evidence which the Trial Court was asked to evaluate after the final order." He appears to argue that the trial court could not grant the motion to alter or amend without hearing additional evidence. We disagree with Husband's assertion. He concedes that Wife testified during the divorce trial that she was seeking a monetary award representing her marital share of the assets, either in the form of

---

[2] Rule 7 of the Rules of the Court of Appeals requires that "[i]n any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table," similar to the one provided by the Rules, which "shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts," along with citations to the record. "'This Court has previously found issues involving the valuation and division of property waived for failure to comply with Rule 7.'" *Forbess v. Forbess*, 370 S.W.3d 347, 354 (Tenn. Ct. App. 2011) (quoting *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010)). We may, however, excuse the failure to include such a chart in an appellate brief, *Id.* (citing Tenn. R. App. P. 2), in the exercise of our discretion. *Butcher v. Butcher*, No. W2011-01808-COA-R3-CV, 2012 WL 2107977, at *2 (Tenn. Ct. App. June, 12 2012). "While in this case we chose to proceed with our review despite the fact that the [the appellant] chose not to abide by the rules of this Court, we cannot say we will be so accommodating and choose to do the same in the future." *Green v. Green*, No. M2011-00840-COA-R3-CV, 2012 WL 2389607, at *3 n.4 (Tenn. Ct. App. Jun. 25, 2012). Our decision should not be construed as setting forth a general rule that a party may be routinely excused from including a Rule 7 table. *Id.* at *3.

a lump sum or monthly payments.[3] We do not have a transcript of the proceedings that took place, but for whatever reason, the trial court apparently either did not remember Wife's testimony or did not fully understand Wife's position. The trial court's order granting the motion to alter or amend stated that the court "was under the misconception that Wife did not want any property awarded to the Husband, and did not understand that she wanted a cash settlement instead. The Court now understands that[.]" The Court found that its initial division of marital property was "not equitable," and it modified the division accordingly. Husband does not cite any authority for his suggestion that the trial court needed to hold an evidentiary hearing in order to make this determination, and there is nothing to suggest that he attempted to present any additional evidence.

A motion to alter or amend "'may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice.'" *Vaccarella v. Vaccarella*, 49 S.W.3d 307, 312 (Tenn. Ct. App. 2001) (quoting *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). The purpose of a motion to alter or amend "'is to prevent unnecessary appeals by providing trial courts with an opportunity to correct errors before a judgment becomes final.'" *Whalum v. Marshall*, 224 S.W.3d 169, 175 (Tenn. Ct. App. 2006) (quoting *Bradley*, 984 S.W.2d at 933). It "'allows the trial court to correct any errors as to the law or facts that may have arisen as a result of the court overlooking or failing to consider matters.'" *Vaccarella*, 49 S.W.3d at 312 (quoting *Chadwell v. Knox County*, 980 S.W.2d 378, 383 (Tenn. Ct. App. 1998)).

In the case at bar, we find that granting the motion to alter or amend was necessary "to prevent injustice" to Wife. It is undisputed that Wife testified during the divorce trial that she was seeking a monetary award, and she was not responsible for the trial court's failure to address her request in its initial decree. Wife promptly sought a correction of that error by filing a motion to alter or amend. We find no abuse of discretion in the trial court's decision to grant the motion.[4]

---

[3] In another part of Husband's brief, he argues that Wife should not be permitted to use a motion to alter or amend "to posit what she 'intended' to prove at trial," and he asserts that a motion to alter or amend cannot be used to raise a new issue. Because Husband admits that Wife *did* testify that she wanted a monetary award, she was not attempting to raise a "new issue" in her motion to alter or amend.

[4] Husband argues on appeal that the facts of this case are similar to the facts in *Wade v. Wade*, 897 S.W.2d 702, 723 (Tenn. Ct. App. 1994), because in *Wade*, a spouse impermissibly sought a redistribution of the marital estate after the initial order, based on new evidence on the issue of value. *Wade* actually involved a "Motion for Consideration of Post-Judgment Facts" filed in the appellate court, not a motion to
(continued...)

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court and remand for further proceedings. Costs of this appeal are taxed to the appellant, Dylan Haggard, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[4](...continued)
alter or amend. And here, Wife did not seek to introduce evidence of a post-judgment change in value of an asset. Therefore, we find *Wade* factually and procedurally distinguishable from this case.