IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 26, 2013

## KAREN DEONNE STAMPS v. ROY DENTON STAMPS, JR.

**Appeal from the Chancery Court for Williamson County**
**No. 37591     Timothy L. Easter, Judge**

**No. M2012-02512-COA-R3-CV - Filed December 19, 2013**

In this divorce action, Wife appeals the denial of her Tenn. R. Civ. P. 59 motion to alter or amend the final decree of divorce. We vacate the order denying the motion and remand the case for the court to enter a supplemental order stating its basis for denying the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**
**Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M. S., P. J., joined.  FRANK G. CLEMENT, JR., J., filed a dissenting opinion.

Connie Reguli, Brentwood, Tennessee, for the appellant, Karen D. Stamps.

Rose Palermo, Nashville, Tennessee, for the appellee, Roy Denton Stamps.

### MEMORANDUM OPINION[1]

Karen Stamps ("Wife") and Roy Denton Stamps, Jr. ("Husband") were married on June 7, 1986, and are the parents of one minor child, born in 1992; Wife filed a complaint for divorce on February 5, 2010. The parties attended a mediation conference on September

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

5, 2012, and as a result, they entered into a Marital Dissolution Agreement ("MDA"), which was incorporated into a Final Decree of Divorce entered September 11, 2012.

Over the course of the marriage the parties accumulated numerous pieces of residential and commercial property and land for investment purposes; the MDA identified two properties as jointly owned, two properties as separately owned by Husband, and nineteen properties in which Husband held a one-half interest in his own name.[2] The property at issue in this appeal is rental property located at 411 Douglas Bend Road, Gallatin, Tennessee, which was titled in Husband's name at the time of the divorce and awarded to Wife.

On October 10, 2012, Wife filed her Motion to Alter or Amend and/or For A New Trial, asserting that Husband had misrepresented in various respects the condition and status of the Douglas Bend Road property. Specifically, Wife stated:

> Grounds for this Motion to Alter or Amend and/or for a New Trial are: (1) that Defendant testified at his deposition of August 24, 2012, that the Douglas Bend Road rental property was solely owned by Defendant and rented to a current tenant by lease-purchase agreement for $1,600.00 per month; (2) that Defendant did not disclose to Plaintiff that this Douglas Bend Road property was in significant disrepair and not rentable or inhabitable without significant costly repair and restoration; (3) that Defendant testified by said deposition and represented by his discovery responses that this Douglas Bend Road property (a) was worth $215,000 and (b) had been appraised by Don Turner at $215,000; (4) that none of the structural and internal problems with the residence was [sic] disclosed by Defendant or in the Turner appraisal; and (5) that as a result of its condition, the tenant who was to continue to pay rent had vacated the premises or given notice of his intent to vacate the premises to Defendant prior to the Marital Dissolution Agreement of September 5, 2012, prior to the Final Decree of Divorce of September 11, 2012, and before Wife's reasonable possession of the property after entry of the Final Decree of Divorce.

Wife supported the motion with her affidavit, as well as that of Lawrence Courtright, the tenant at the Douglas Bend Road property; Husband's deposition; various letters between counsel; the Turner property appraisal; and the MDA and final decree. The record does not reflect that a response was filed to the motion. In accordance with Rule 6.02 of the Local

---

[2] According to the MDA, four of the properties were owned by Insight Properties, which Husband owned with Everett Lowe. The remaining fifteen properties were owned by Husband and Doug Brooks.

Rules of Practice of the Twenty-First Judicial District, the trial court did not set Wife's motion for hearing; the court entered an order denying the motion on October 12.

Wife appeals, contending that the court erred in denying the motion without a hearing, in not giving a basis for the denial, and in not applying contract principles in its consideration of the motion.

## DISCUSSION

A Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment allows a trial court to correct errors as to the law or facts arising when a court overlooks or fails to consider certain matters. *Chadwell v. Knox Cnty.*, 980 S.W.2d 378, 383 (Tenn. Ct. App. 1998). These motions "may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Vaccarella v. Vaccarella*, 49 S.W.3d 307, 312 (Tenn. Ct. App. 2001). Decisions applying Tenn. R. Civ. P. 59.04 are reviewed under an abuse of discretion standard since these requests for relief are "addressed to the trial court's discretion." *Ferguson v. Brown*, 291 S.W.3d 381, 386 (quoting *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). When reviewing a discretionary decision the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn. Ct. App.1999)). The appellate court is not permitted to substitute its judgment for that of the trial court under the standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

The Order entered on the motion stated the following in pertinent part:

> The Court now having carefully considered the Plaintiff's motion, respectfully denies the motion pursuant to Rule 6.02 of the Local Rules of Civil Court for the 21st Judicial District.
> IT IS SO ORDERED.

Until it is approved by the court, a mediated agreement is essentially contractual in nature. *Ledbetter v. Ledbetter*, 163 S.W.3d 681, 685 (Tenn. 2005). Whether the mediated agreement is enforceable is, therefore, a question of law. *Id.* at 683. Although a party may not be released from his agreed obligation due to a "change of heart," proof of

misrepresentation at mediation is a different matter. *See Coleman v. Coleman*, E2011-00974-COA-R3-CV, 2012 WL 1622240, at *5 (Tenn. Ct. App. May 8, 2012). Further, although the implied covenant of good faith and fair dealing does not apply to the formation of a contract, *Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 687 (Tenn. 1996), "[p]articular forms of bad faith in bargaining are the subjects of rules . . . as to [contract] invalidating causes such as fraud and duress." Restatement (Second) of Contracts § 205 cmt. c (1981).

In performing our review of the court's ruling on the motion, we have reviewed the materials filed in support of the motion. The affidavits of Wife and Reverend Courtright assert facts which, if true, might support Wife's claim that Husband misrepresented the value and condition of the Douglas Bend Road property and that, as a consequence, the judgment should be amended or a new trial granted.

As noted in *Eldridge v. Eldridge*, "[a]n abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Because the court did not discuss the grounds of the motion or the evidence filed in support of it, we are unable to review the court's exercise of its discretion in denying the motion.

Accordingly, we vacate the order denying the Motion to Alter or Amend and remand the case for the trial court to enter an order which discusses the evidence filed in support of the motion and articulates its basis for denying the motion.[3]

_____
RICHARD H. DINKINS, JUDGE

---

[3] We express no opinion as to the merits of the motion.

-4-