PETER J. VAN DONSELAAR, appellant, v. LOWELL VAN DONSELAAR
et al., appellees.

No. 49329.

(Reported in 87 N.W.2d 311)

JANUARY 14, 1958.

Paul W. Deck, of Sioux City, for appellant.

A. D. Clem, Richard Rhinehart and Jesse E. Marshall, all of Sioux City, for appellees.

THOMPSON, J.—This case presents an appeal from a consent decree and judgment, entered upon an oral agreement of the parties reached in open court. The trial of the action commenced on August 6, 1956. On August 8, 1956, after what the defendants Sioux City Industrial Development Corporation and Dan Conley in their brief and argument refer to as a "partial" trial, negotiations were entered into resulting in what the parties at the time thought was a settlement of the controversy. No shorthand record was made of the oral agreements reached; but a decree was dictated into the record by one of the attorneys which contained the essence of the accord reached.

The decree was not signed by the trial court at that time. On August 16 the plaintiff filed a motion to proceed with the trial, some disagreements having developed. On August 18 the defendants Van Donselaars filed their resistance to plaintiff's motion. On August 20 after a hearing the trial court signed and filed a decree which it found contained the essential elements of the agreement reached in open court on August 8. Motion to vacate this decree and judgment was made and denied, and this appeal taken by the plaintiff.

I. We are first confronted by the question whether the parties did in fact reach a full agreement in settlement of the various matters in controversy. At the time of the hearing on plaintiff's motion to proceed with the trial, plaintiff offered the testimony of his attorney, Paul W. Deck, purporting to show that no agreement had been reached on some features of the case. Also there was introduced the testimony of D. Van Donselaar, likewise showing a lack of definite agreement as to payment of costs, and an oral notice to one of the attorneys for defendants Lowell Van Donselaar and Evelyn E. Van Donselaar that "the deal is off." D. Van Donselaar was apparently a relative and acting for the plaintiff. No evidence was introduced for the defendants. The court made a change in an amount of money to be paid by the defendant Sioux City Development Corporation, Inc., to the plaintiff, reducing it from $2825.03 to $2785.03. The larger sum was apparently in the decree dictated to the court

reporter on August 8, but was for some reason reduced by the court at the time of signing the decree on August 20.

On August 29 plaintiff filed his motion to vacate the decree, alleging various grounds. One of the grounds for such a motion set up in R.C.P. 252 is (b), "Irregularity * * * practiced in obtaining the same." We think plaintiff's allegations fairly meet this requirement; and further that the motion, although denominated a "Motion to Vacate Decree", also amounts to a motion for new trial. On hearing, the court refused to permit the introduction of evidence to show that no agreement was in fact reached on August 8, saying "I don't feel you are entitled to support your motion here with evidence." The plaintiff made an offer of proof, and later, on February 14, 1957, filed the affidavit of D. Van Donselaar, who deposed that he was present in the courtroom on August 8, 1956, when the negotiations for settlement were had and the proposed decree dictated. The court overruled the motion to vacate on February 27, 1957, and this appeal resulted. Both the offer of proof and the affidavit of D. Van Donselaar, if accepted as proof, show there was no agreement reached on several details.

The trial court stated:

"It is my memory that the terms were discussed generally as to what this settlement would be, and that the decree carried out those general terms that were discussed here in open court before there was ever any argument at the time Mr. Marshall was dictating the decree. It was then you got into the argument whether one half the costs should be taxed or whether they should be paid. That is the only thing in that decree that I know of, there was any dispute about at all. That took place after you announced to the court you had reached an agreement." At another point in the record, the court said: "* * * the agreement proposed, or the essential elements of the agreement of settlement disclosed to the court were substantially as contained in the decree which the court is entering herein."

■ The question before us at this point is whether the weight of the evidence sustains the action of the trial court in its holding a full settlement had been reached. The burden was upon the defendants, who rely upon the settlement, to prove it

was made. The record is devoid of any such evidence, except for the holdings of the court, evidently based upon what it heard in the courtroom while the negotiations were under way. Section 622.12, Code of 1954, provides that a judge may be a competent witness for either party. But the judge was not sworn as a witness, and gave no evidence except for the statements above referred to, made from the bench.

The rule governing this situation is cogently expressed in 20 Am. Jur., Evidence, section 21: "On the other hand, facts which are not judicially cognizable must be proved, even though known to the judge or to the court as an individual. In other words, the individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record." So it is said in Brown v. Piper, 91 U. S. 37, 42, 23 L.Ed. 200, 201: "Of private and special facts, in trials in equity and at law, the court or jury, as the case may be, is bound carefully to exclude the influence of all previous knowledge."

We conclude the trial court was not permitted to use its knowledge of what it happened to overhear in the courtroom to supply the weight of evidence required to show a full settlement had been reached, and so it was not justified in entering a decree on that basis. There is no other evidence to show that an agreement had been had.

II. Plaintiff's motion to vacate fairly raises the contention that his offer to settle had been withdrawn and notice given to the opposing parties on August 9 and 10. Indeed, his motion to proceed with the trial, filed on August 16, must have given the defendants and the trial court full notice that he no longer intended to be bound by a compromise agreement, if he had ever made one. The defendants, in their brief and argument, say that "following the stipulation made in court, appellant attempted to withdraw from the agreement and enforce a different settlement." Plaintiff's first proposition relied on for reversal is that "the court was in error in overruling plaintiff's motion to proceed with the trial."

It is evident that the question of the right of the court to enter a consent judgment when one of the parties had given

notice he would no longer be bound by it, that is to say he no longer consented, was fairly raised in the lower court and is covered by the proposition relied upon for reversal above quoted. Whether the point is "argued" in this court, as required by R. C. P. 344(a) (4) (Third) is a more difficult question. We have never defined exactly what constitutes "arguing" a question. Plaintiff's argument revolves chiefly around the claim that no agreement was in fact ever made. But this contention and the one that an agreement, though made, was withdrawn before the court entered judgment, both turn upon the same basic question: was there an existing, unrepudiated agreement at the time the consent judgment was entered? If no agreement was in fact made, or equally if one of the parties had refused to be bound by it, to the knowledge of the court, then the court had no right to enter a consent judgment.

The general rule is thus stated in 49 C. J. S., Judgments, section 174b, page 311: "The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment." In Burnaman v. Heaton, 150 Tex. 333, 338, 240 S.W. 2d 288, 291, the Texas Supreme Court said: "A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. *It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.*" (Italics supplied.) To the same effect are Rodriguez v. Rodriguez, 224 N. C. 275, 29 S.E.2d 901, 905; Williamson v. Williamson, 224 N. C. 474, 31 S.E.2d 367, 368; King v. King, 225 N. C. 639, 35 S.E.2d 893, 895; Lee v. Rhodes, 227 N. C. 240, 41 S.E.2d 747, 748; Ledford v. Ledford, 229 N. C. 373, 49 S.E.2d 794, 796; and In re Jacobs v. Metropolitan Greenhouse Mfg. Corp., 242 App. Div. 197, 273 N. Y. S. 498, 507. The rule is cited with approval and relied upon also in In re Adoption of Thompson, 178 Kan. 127, 135, 283 P.2d 493, 498 ("In case of a consent judgment the consent * * * may be withdrawn prior to the entry.")

The reason for the rule is that a consent judgment does not represent the reasoned, deliberate decision of the court, but is merely the agreement of the parties, made a matter of record by the court: Ledford v. Ledford, supra; McArthur v. Thompson, 140 Neb. 408, 299 N.W. 519, 523, 524, 139 A. L. R. 413, 419; although when once entered in has the binding effect of any other judgment. 31 Am. Jur., Judgments, section 464, page 107. But, until entered, the matter being a question of contract between the parties, either one may repudiate the agreement because of actual or supposed defenses thereto—lack of consideration, fraud, duress, and the like—such as would be available against any other contract. These defenses would be precluded if the court, knowing of the withdrawal of consent, should nevertheless have the right to enter judgment on the agreement as made. It is also said that the term "consent judgment" necessarily implies a consent at the time the judgment is entered. This is not to say that the compromise agreement may not be a binding contract, subject to be enforced as other contracts; but the court may not enter judgment when it is advised one of the parties either denies the existence of the contract or repudiates it or for any other reason is no longer consenting to the judgment.

In this connection we must note two Iowa cases. Garretson v. Altomari, 190 Iowa 1194, 1196, 1197, 181 N.W. 400, 401, holds that the matter of entering a consent judgment after notification of a withdrawal of consent by one party is within the discretion of the trial court. Burnett v. Poage, 239 Iowa 31, 38, 39, 29 N.W.2d 431, 434, also seems opposed to the rule above cited. In neither of these cases was the general rule considered, nor even mentioned; and no authority is cited for the holdings. They were not thoroughly considered on the point in question, and so far as they hold that a trial court may enter a judgment by consent of the parties after it is advised that one of them no longer consents, they are overruled.

Our holdings in Divisions I and II each require a reversal of the case, with remand for further proceedings. We have examined defendants' motion to dismiss the appeal, which was submitted with the case. While some delay in the appellate pro-

ceedings appears, we do not find it so flagrant as to require a dismissal of the appeal, and the motion is accordingly denied.— Reversed and remanded.

PETERSON, C. J., and BLISS, GARFIELD, LARSON, OLIVER, and WENNERSTRUM, JJ., concur.

HAYS, J., concurs on Division I and in the result.

SMITH, J., takes no part.