IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 5, 2005 Session

## MAYLENE E. LEDBETTER v. BRYAN K. LEDBETTER

**Interlocutory Appeal by Permission from the Court of Appeals, Eastern Section
Chancery Court for Anderson County
No. 03CH3089    William E. Lantrip, Chancellor**

**No. E2004-00239-SC-S09-CV - Filed April 7, 2005**

In this interlocutory appeal, we must determine whether the trial court had the authority to enforce a mediated marital dissolution agreement when one of the parties repudiated its terms prior to court approval.  Here, the parties, Maylene and Bryan Ledbetter, reached, through mediation, a marital dissolution agreement pursuant to Tennessee Supreme Court Rule 31.  Shortly after the mediation, and prior to presentation for court approval, Mr. Ledbetter repudiated the agreement.  Mrs. Ledbetter then filed a motion to enforce the terms of the agreement.  Following a hearing, the trial court overruled Mrs. Ledbetter's motion, ruling that the oral agreement reached in mediation was not binding and enforceable against the parties.  After a thorough review of the record and relevant case law, we conclude that because Mr. Ledbetter repudiated the terms of the agreement prior to its presentation to the court, the trial court lacked authority to enter a judgment on the agreement.  Further, because the agreement had not been reduced to writing and signed by the parties, it is not an enforceable contract.  Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for the appellant, Maylene E. Ledbetter.

James M. Webster and Michael R. Kelley, Clinton, Tennessee, for the appellee, Bryan K. Ledbetter.

**Opinion**

I.  Facts and Procedural History

Maylene Ledbetter (Mrs. Ledbetter) and Bryan Ledbetter (Mr. Ledbetter) married in 1994.  The marital relationship deteriorated, and on April 14, 2003, Mrs. Ledbetter filed for divorce on the grounds of inappropriate marital conduct and irreconcilable differences.  Mr. Ledbetter responded

to the complaint and filed a cross-complaint.

In an apparent effort to resolve various childcare and marital property issues, the parties agreed to mediation pursuant to Tennessee Supreme Court Rule 31. Prior to the mediation, the mediator explained to the parties that if agreement was reached, he would prepare a summary of it. This, he stated, was a way of memorializing the agreement.

Mediation began on October 20, 2003, and the parties reached an agreement on all matters in controversy. Because of the late hour, the parties were not able to present the agreement to the court for entry of judgment. Instead, the mediator audiotaped his dictation of the terms of the marital dissolution agreement as the parties and their counsel listened. The parties and their counsel approved the agreement as dictated.

The Agreed Order To Mediate required the mediator to file a report with the Clerk and Master; it required also that the attorneys file, within seventy-two hours of the mediation, an order reflecting the agreement reached. Before the deadline, Mr. Ledbetter repudiated the agreement. On November 14, 2003, Mrs. Ledbetter filed a Motion to Enforce Mediated Settlement. Mr. Ledbetter responded, asserting that his consent to the mediation agreement had been based upon bad advice given by his former attorney.

Following a hearing, the trial court overruled Mrs. Ledbetter's motion to enforce the agreement. The trial court granted, however, her request for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Court of Appeals denied the application for interlocutory appeal. We granted interlocutory appeal in order to determine whether, under the circumstances, the purported mediated marital dissolution agreement should be enforced.

## II. Standard of Review

Whether the mediated marital dissolution agreement in this case is enforceable is a question of law. Accordingly, our review is de novo with no presumption of correctness accorded to the courts below. State ex rel. Pope v. U.S. Fire Ins. Co., 145 S.W.3d 529, 533 (Tenn. 2004).

## III. Analysis

Mrs. Ledbetter, the appellant, contends that the audiotaped summary of the parties' agreement is binding and judicially enforceable, notwithstanding the fact that Mr. Ledbetter, the appellee, had repudiated it before it was presented to the court. Mr. Ledbetter insists, on the other hand, that absent consent, a marital dissolution agreement is unenforceable and that the trial judge's refusal to enforce the agreement was correct. Thus, we must determine whether a mediated marital dissolution agreement that has not been reduced to a signed writing[1] and that has been repudiated by one of the parties prior to presentment to the court is enforceable.

---

[1] We note that the oral dictation of the agreement was later transcribed but was never signed by the parties.

We begin our analysis with the case of Harbour v. Brown for Ulrich, 732 S.W.2d 598 (Tenn. 1987). In that case, the appellant sought specific performance of an alleged real estate contract and the enjoining of a threatened foreclosure action under an existing deed of trust. The appellant filed a cross-complaint for judgment on the note secured by the deed of trust. On the day of trial, the parties announced that they had reached an agreement, the terms of which were not announced to the court. Prior to entry of judgment, the appellee repudiated the terms of the agreement. Holding that the agreement was not enforceable, this Court stated that although the resolution of disputes by agreement is encouraged, "a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment." Id. at 599 (citing Van Donselaar v. Van Donselaar, 87 N.W.2d 311 (Iowa 1958)). The Court in Harbour further held that "consent must exist at the very moment the court undertakes to make the agreement the judgment of the court." Harbour, 732 S.W.2d at 599 (quoting Burnaman v. Heaton, 240 S.W.2d 288 (Tex. 1951)). Thus, "until entered by the court, the matter being the question of an agreement between the parties, either party may repudiate the agreement because of an actual or supposed defense to the agreement." Harbour, 732 S.W.2d at 600. "The reason for the rule is that a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court." Id. at 599-600 (citing Van Donselaar v. Van Donselaar, 87 N.W.2d 311 (Iowa 1958)).

The holding in Harbour is applicable to agreements reached as the result of mediation. In Environmental Abatement, Inc. v. Astrum R.E. Corp., 27 S.W.3d 530 (Tenn. Ct. App. 2000), the Court of Appeals considered the enforceability of a consent order that the trial court had entered. This order purported to reflect an oral agreement that the parties had reached during a Rule 31 mediation session. Id. at 533. Applying the principles in Harbour, the intermediate court reversed the trial court, holding that the agreement was not enforceable because it had not been reduced to writing or stipulated in open court. Id. at 541-42.

Citing to language in Harbour, the Court of Appeals in Environmental Abatement noted an exception to the general rule that consent must exist at the time of judgment. That exception would allow a court to enter a consent judgment "which merely documents an earlier agreement even where consent does not exist at the time of entry of the written order." Id. at 538-39. The exception provides further that when the terms of an agreement are announced or stipulated in open court, a judge may later enter a consent judgment based on that agreement regardless of a party's repudiation between the time of the announcement and the judgment. Id. at 539. This exception is rooted in the language in Harbour, which states that "'[t]he power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.'" Harbour, 732 S.W.2d at 599 (quoting 49 C.J.S. *Judgments* § 174(b)).

Considering the above-described exception, we must determine whether the oral agreement in this case received the "sanction of the court" prior to Mr. Ledbetter's repudiation. Mrs. Ledbetter contends that the recording of the terms of the agreement in the mediation session was the equivalent of an announcement in open court. Tennessee Supreme Court Rule 31, section 2(f) (2004), defines

mediation as "an _informal_ process in which a neutral person conducts discussions among the disputing parties designed to enable them to reach a mutually acceptable agreement among themselves on all or any part of the issues in dispute." (Emphasis added). A mediator has "no authority to dispose of a case or to enter an order disposing of a case." Envtl. Abatement, 27 S.W.3d at 540. In addition, Tennessee Supreme Court Rule 31, section 2(c) (2004), defines "court" as "the Tennessee Supreme Court, the Tennessee Court of Appeals, Circuit, Chancery, Law & Equity and Probate Courts and, when exercising the jurisdiction of courts of record, General Sessions Courts and Juvenile Courts." Thus, we conclude that a Rule 31 mediation session is not a court proceeding such as would satisfy the requirement that the agreement be made in open court.

In this case, it is clear that Mr. Ledbetter repudiated the agreement prior to any judicial consideration. Because "'consent must exist at the very moment the court undertakes to make the agreement the judgment of the court,'" the trial court properly held that it could not enter a judgment on the agreement. Harbour, 732 S.W.2d at 599 (quoting Burnaman v. Heaton, 240 S.W.2d 288 (Tex. 1951)). Further, because the terms of the oral agreement were not made or announced in open court and on the record, the court neither considered nor sanctioned the agreement. See Harbour, 732 S.W.2d at 599; Envtl. Abatement, 27 S.W.3d at 538.

Finally, as noted in Harbour, an agreement by the parties may also be analyzed under contract law. See Harbour, 732 S.W.2d at 600. Until approved by the courts, a mediated agreement is essentially contractual in nature. See Envtl. Abatement, 27 S.W.3d at 539 (stating that "[a] compromise and settlement agreement is merely a contract between parties to litigation and, as such, issues of enforceability of a settlement agreement are governed by contract law.") Therefore, the rules of contract law would apply.

Generally, agreements need not be in writing to be enforceable.[2] Bill Walker & Assocs., Inc. v. Parrish, 770 S.W.2d 764, 771 (Tenn. Ct. App. 1989) (citing Rodgers v. S. Newspapers, Inc., 379 S.W.2d 797, 800 (1964)). Thus, we must determine whether the law precludes enforcement of oral mediation agreements. We first look to the rule dealing with mediation, Tennessee Supreme Court Rule 31. Section 7 of that rule provides that evidence of statements made in the course of mediation are inadmissible. Tenn. R. Sup. Ct. 31(7) (2004). Further, section 10(d) prohibits the mediator from disclosing information obtained during the mediation without the consent of the parties. Tenn. R. Sup. Ct. 31(10)(d) (2004). Based on the language in Rule 31, it would appear that a mediator may not present evidence of an oral mediation agreement. As additional support, we look to Tennessee Rule of Evidence 408, which provides that evidence of conduct or statements made in compromised negotiations is not admissible to prove liability for or in validity of a civil claim. Based on those rules, we conclude that the agreement involved here, made during the mediation and not reduced to a signed writing, is not an enforceable contract. Accordingly, we affirm the judgment of the trial court.

---

[2]We note from the record that the proposed marital dissolution agreement contemplated transfer of title to real property, possibly implicating the application of the Statute of Frauds. See Tenn. Code. Ann. § 29-2-101(4) (2000). However, because neither party has raised the issue nor briefed it, we pretermit it.

The costs of mediation are taxed to the appellee, Bryan Ledbetter and his sureties, and the costs of appeal are taxed to the appellant, Maylene Ledbetter and her sureties, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE