IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2003 Session

## REBECCA JANE LEW v. IRA EUGENE LEW

**Appeal from the Chancery Court for Anderson County**
**No. 00CH0098     Billy Joe White, Chancellor**

**FILED JULY 31, 2003**

**No. E2002-01811-COA-R3-CV**

---

In this divorce case, Ira Eugene Lew ("Husband") appeals the Trial Court's judgment declaring the parties divorced on the ground of irreconcilable differences, and approving and incorporating the parties' marital dissolution agreement ("MDA") in its order. Husband argues that the Court was without power to enter its judgment because he had withdrawn his consent and agreement to the MDA prior to the Court's entry of final judgment. The Trial Court found that Husband could not withdraw his consent to the MDA because, as a consequence of the unusual procedural posture of the this case, the parties had already executed, agreed to, and signed the MDA and presented it to the Trial Court, which approved it and incorporated it into a previous order. We affirm the judgment of the Trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

J. Terry Holland, Knoxville, for the Appellant, Ira Eugene Lew

Dail R. Cantrell, Clinton, and Michael L. Weathers, Florence, Alabama, for the Appellee, Rebecca Jane Lew

### OPINION

Rebecca Jane Lew ("Wife") filed this cause of action for divorce on January 24, 2000. She requested the Court to grant her a divorce on the ground of irreconcilable differences. Husband answered, admitting that irreconcilable differences had arisen between the parties, and also asked for a divorce upon that basis. The case was assigned to Chancellor William E. Lantrip of the Anderson County Chancery Court.

On September 1, 2000, the MDA at issue was filed with the Court. On that same date, a pair of orders styled "Consent Order" and "Final Decree of Divorce" were entered by Chancellor Lantrip. The Consent Order states in its entirety as follows:

> Pursuant to Paragraph No. 12 of the Marital Dissolution Agreement as executed by the parties in this cause of action, the parties specifically agree to be bound by the terms, articles and conditions of the Marital Dissolution Agreement as executed by the parties in this cause of action, and as filed in this cause of action, it is, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:
>
> 1. That pursuant to Paragraph No. 12 of the Marital Dissolution Agreement as entered into and filed by the parties in this cause of action, the terms, articles and conditions of that Marital Dissolution Agreement do here and now become an order of this Court.

Chancellor Lantrip's Final Decree of Divorce states in relevant part:

> This cause came to be heard upon the original Petition for Divorce filed, the Marital Dissolution Agreement of the parties, the Consent Decree of the parties, the representation of both parties by counsel, the Waiver of an Entry of a Judgment by Default, and filing of an Answer by the Respondent as is evidenced by this execution of the Marital Dissolution Agreement, the Qualified Domestic Relations Order, the Agreements of the parties, from all of which the Court finds the parties are entitled to an absolute divorce on the grounds of irreconcilable differences; that there are no minor children from the marriage; that the Marital Dissolution Agreement as it relates to the distribution of assets and liabilities is hereby deemed equitable and fair and incorporated into the Final Decree of Divorce by reference as though specifically set out verbatim[.]

On September 11, 2000, Chancellor Lantrip entered an order which states the following in relevant part:

> This cause came on to be heard upon the joint motion of the parties herein to set aside the Final Decree of Divorce entered in this cause of action on September 1, 2000, as the parties have learned that upon the divorce becoming final, the [Wife] would not be covered with health insurance under COBRA because they do not have a group policy, and there is a specific need for her to be covered at this time; as such, the parties move that this cause of action be set aside and that

an order of reconciliation be granted for a period of one year, and in the event the parties cannot reconcile within that one year, then the parties shall be granted an absolute divorce on the basis of the Marital Dissolution Agreement heretofore executed by the parties, including the Qualified Domestic Relations Order, subject to increased value; and

It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1. That the divorce granting [Wife] and [Husband] a termination of their marriage on irreconcilable differences that was entered on September 1, 2000, is hereby withdrawn.

2. That in accordance with T.C.A. 36-4-126, all proceedings in this cause of action are hereby suspended for a period of one year, without prejudice, and during this period of suspension the parties may resume activities as husband and wife. . .

3. That in the event the parties cannot reconcile within this one-year period of time, a divorce should be granted and the parties shall be bound by the terms of the Marital Dissolution Agreement and Qualified Domestic Relations Order, subject to increased or decreased values.

On May 22, 2001, Husband filed a motion "to revoke order of reconciliation and reinstate divorce proceedings" in which he alleged, *inter alia*, that "his agreement to the content of the Marital Dissolution Agreement, and his signature thereon, indicating his assent to that agreement, was accomplished through fraud, duress, undue influence and other misconduct on behalf on [Wife]." Husband moved that the Final Decree of Divorce be set aside pursuant to Tenn.R.Civ.P. 60.02.

On September 13, 2001, Chancellor Lantrip entered an order which he made *nunc pro tunc* to August 31, 2001, which states as follows in relevant part:

> 1. Paragraph three (3) of the "Order Setting Aside Final Decree of Divorce and Order of Reconciliation" entered on September 11, 2000, is set aside to the extent that its provisions are automatic, and this cause is set on for a hearing on the enforceability of the Final Judgment and Consent Decree previously entered in this cause.
>
> 2. In its determination of whether the terms of the Consent Decree and Final Judgment should be binding on the parties, the [Husband] shall have the right to raise as a defense to the enforcement of such terms, all of the reasons listed in Rule 60.02 of the Tennessee Rules of Civil Procedure.

3. The Motion to Quash Subpoena is denied, and the [Husband] is at liberty to develop his defenses to the enforceability of the Consent Decree and Final Judgment. However, discovery shall be limited to these issues.

On September 6, 2001, Chancellor Lantrip entered an order recusing himself from the case and designating Chancellor Billy Joe White to hear and "try this case to its conclusion." After a hearing on May 9, 2002, Chancellor White ruled as follows:

That the parties are divorced on the basis of Irreconcilable Differences and the previously executed Marital Dissolution Agreement. . .That the date of the divorce shall be May 9, 2002, the Court finding that the [Husband] could not withdraw his previous agreement to the Marital Dissolution Agreement executed on or about August 26, 2000, which agreement the Court finds to be the Marital Dissolution Agreement of the parties herein.

Five days after this written order was filed, the Court granted Wife's motion to alter or amend the order, making further findings as follows:

That the said Order/Final Decree of Divorce entered by this Court on July 17, 2002, is hereby amended to also provide as follows:

This Court affirmatively finds that the written agreement of the parties in this case, the Marital Dissolution Agreement of the parties in this case, makes adequate and sufficient provision for the equitable and fair settlement of any and all property rights between the parties in this case and that the Marital Dissolution Agreement as it relates to the distribution of the assets and liabilities is hereby deemed equitable and fair and that the said Marital Dissolution Agreement of the parties is hereby incorporated by reference into the Order/Final Decree of Divorce entered by this Court on July 17, 2002 as though specifically set out verbatim.

On appeal, Husband raises the issue, which we restate, of whether the Chancellor had the authority to enter a valid divorce judgment on irreconcilable differences grounds, and to enforce the MDA, under the circumstances of this case as outlined above. This issue causes us to focus on the provisions of T.C.A. 36-4-103, which states in relevant part as follows:

(b) No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that

marriage and for the equitable settlement of any property rights between the parties.

\* \* \*

(e) If there has been a contest or denial of the grounds of irreconcilable differences, no divorce shall be granted on the grounds of irreconcilable differences. However, a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if a properly executed marital dissolution agreement is presented to the court.

Husband argues that T.C.A. 36-4-103(b) requires that an MDA contain a recitation that "the Agreement is fair and equitable" in order to be valid. We find no such statutory requirement; it is only required that the Court make a finding "that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties." We note that such an affirmative finding was made in this case by both Chancellor Lantrip and Chancellor White.

Husband next argues that the Supreme Court's decision in *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn.1987) requires reversal of the Trial Court's decision. The *Harbour* Court stated the following:

The resolution of disputes by agreement of the parties is to be encouraged. But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court *prior to entry of the judgment*.

\* \* \*

The reason for the rule is that a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court. *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 87 N.W.2d 311 (1958). And, *until entered by the court*, the matter being the question of an agreement between the parties, either party may repudiate the agreement because of an actual or supposed defense to the agreement. This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

*Harbour*, 732 S.W.2d at 599-600 (emphasis added). Subsequent decisions of this Court have followed and applied the *Harbour* rule. *Elrod v. Elrod*, an unpublished opinion of this Court filed in Knoxville on November 18, 1991; *Denbow v. Denbow*, an unpublished opinion of this Court filed in Jackson on May 9, 1996. These cases involved situations where consent was withdrawn prior to

entry of the judgment, and where the Court was fully aware that there was no longer agreement between the parties before entry of a consent judgment.

In the present case, at the time of entry of Chancellor Lantrip's consent order and decree of divorce, there had been no withdrawn consent by Husband, who signed the consent order stating that "the terms, articles and conditions of [the MDA] do here and now become an order of this Court." As regards Chanceollor Lantrip's order which set aside his final decree of divorce, there appears no other reason for that order than the one it sets forth, *i.e.*, Wife's need to be covered by a health insurance policy. Husband also signed that order, which states that "in the event the parties cannot reconcile within this one-year period of time, a divorce should be granted and the parties shall be bound by the terms of the Marital Dissolution Agreement[.]"

It was not until May 22, 2001, nearly nine months after he executed the MDA, which was subsequently found fair and equitable by Chancellor Lantrip's divorce decree, that Husband indicated his dissatisfaction with the terms of the MDA. Under these circumstances, neither the holding of *Harbour* nor its rationale is applicable to this case. *Accord Sutton v. Sutton*, an unpublished opinion of this Court filed in Knoxville on March 31, 1994 ("This Court has long held that when parties enter into a separation agreement that both parties are estopped from contesting its validity in the absence of a clear showing of fraud."); *Callison v. Callison*, an unpublished opinion of this Court filed in Knoxville on September 29, 1988; *Persada v. Persada*, an unpublished opinion of this Court filed in Knoxville on November 22, 2002 ("It is equally clear, however, that if the terms of the settlement had been announced to the court and approved before consent was withdrawn, then the Judgment entered thereon is valid."); *cf. Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn.App.2001).

At a hearing before Chancellor White, Husband abandoned and effectively withdrew his Tenn.R.Civ.P. 60.02 motion and thus it is not before us in this appeal.

As noted above, T.C.A. 36-4-103(e) provides that "a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if a properly executed marital dissolution agreement is presented to the court." We find that the Trial Court did properly exercise its authority in granting the parties an irreconcilable differences divorce. We find no error in Chancellor White's ruling that the MDA in this case is valid and enforceable.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Appellant, Ira Eugene Lew.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE