IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 2, 2016 Session

**BRYAN MCNEESE v. WENDOLYN CAROL WILLIAMS, ET AL.**

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2014-CV-30     Louis W. Oliver, III,  Chancellor**

_____

**No. M2015-01037-COA-R3-CV – Filed March 10, 2016**

_____

This appeal involves a Rule 60 motion to set aside an agreed order on the basis that the petitioner withdrew his consent to the agreement prior to the entry of the agreed order. The trial court denied the Rule 60 motion.  We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY ARMSTRONG, JJ., joined.

Lance Brandon Mayes, Brentwood, Tennessee, for the appellant, Bryan McNeese.

Russell Ernest Freeman, Goodlettsville, Tennessee, for the appellees, Wendolyn Carol Williams and Randall Elon Williams.

**MEMORANDUM OPINION[1]**

**I. FACTS & PROCEDURAL HISTORY**

The parties to this case are neighboring landowners.  An existing easement allows Bryan McNeese ("Mr. McNeese") to access the property owned by Wendolyn Carol and

---

[1]Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Randall Elon Williams ("Mr. and Mrs. Williams") for purposes of ingress, egress, and utilities. Litigation over the easement began in February 2014.

In October 2014, Mr. and Mrs. Williams filed a motion to enforce the terms and conditions of a settlement agreement purportedly reached between the parties' attorneys in August 2014 just before the case was to be tried. According to the motion, the parties, through their attorneys, reached an agreement as to all issues before the court and notified the court that the scheduled trial was unnecessary due to the fact that they had reached an agreement. Counsel for Mr. and Mrs. Williams then reduced the agreement to writing in the form of a letter and forwarded it to counsel for Mr. McNeese. Counsel for Mr. and Mrs. Williams also drafted an agreed order for execution by the parties and their attorneys. According to the motion to enforce, counsel for Mr. and Mrs. Williams did not receive any objection from counsel for Mr. McNeese regarding the agreed order, but he was "unable to obtain" a signature on the agreed order from Mr. McNeese's counsel. As a result, the motion asked the trial court to enforce the terms and conditions of the settlement agreement.

The trial court held a hearing on the matter on October 27, 2014. The trial court heard argument from counsel for both parties and reviewed the letter and draft of the agreed order prepared by counsel for Mr. and Mrs. Williams. We do not have a transcript of the hearing in the record before us, but at oral argument of this appeal, counsel for Mr. and Mrs. Williams summarized what took place as follows:

> . . . **[Counsel for Mr. McNeese]** was there and present before Chancellor Oliver and stated, Yes I had the authority to enter into this agreement, and yes this is the terms of the agreement, however, Mr. McNeese doesn't want me to sign it . . . .

Despite the fact that Mr. McNeese no longer consented to the agreement, the trial court entered an order after the hearing finding that "the parties thru their counsel did enter into an agreement to resolve all matters of controversy between the parties and said agreement was supported by consideration wherein the parties agreed not to go to trial and no objection was made by counsel" regarding the content of the letter and draft of the agreed order. The court found the agreement fair and equitable and ruled that an agreed final order would be entered in accordance with the terms and conditions set forth in the draft of the agreed order. The "agreed order" was entered on November 4, 2014. It was signed by the trial judge and counsel for Mr. and Mrs. Williams with a certificate of service to counsel for Mr. McNeese. The order required Mr. McNeese to complete certain aspects of construction on the easement by March 31, 2015.

Mr. McNeese subsequently retained a different attorney and filed a motion to set

aside the agreed order on April 1, 2015. In the motion, Mr. McNeese claimed that he "had no wish to enter any agreement" and "never authorized counsel to enter into any agreed order." He asserted that the record was devoid of proof that he agreed to the terms of the agreed order, as his previous attorney did not respond to the letter or sign the draft of the agreed order. Mr. McNeese cited the full text of Rule 60.02 and claimed that relief was appropriate thereunder because he never agreed to the settlement proposal.

After a hearing, the trial court entered an order denying Mr. McNeese's Rule 60 motion. The trial court noted that the parties had notified the court prior to the original trial date that an agreement had been reached and that a trial would not be necessary. The court concluded that cancellation of the trial was "strong and persuasive evidence that a settlement had been reached." The trial court also noted that counsel for Mr. and Mrs. Williams reduced the terms of the agreement to writing in a letter to counsel for Mr. McNeese, and the Williams's counsel received no objection to the letter. The trial court further considered the fact that Mr. McNeese's attorney appeared at the October 27, 2014 hearing on the motion to enforce the settlement agreement and admitted that "the parties did reach an agreement." The trial court noted the admission of counsel for Mr. McNeese that the terms set forth in the letter were those to which the parties had agreed, and he did not express to the court that Mr. McNeese did not agree to the terms in the letter. The court also noted that Mr. McNeese was present at the hearing and did not object to his attorney's statements. In conclusion, the trial court found that Mr. McNeese's Rule 60 motion was not timely because it was filed almost five months after the entry of the agreed order and just one day after the deadline for his compliance with the terms of the agreed order. Consequently, the trial court held that the Rule 60 motion was "not well-taken" and was denied. Mr. McNeese timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Mr. McNeese presents the following issues, as slightly reworded, on appeal:

1.      Whether the trial court should have granted relief pursuant to Tennessee Rule of Civil Procedure 60.02(1); and

2       Whether the trial court should have granted relief pursuant to Tennessee Rule of Civil Procedure 60.02(3) or (5) as the trial court was without authority to enforce an agreement where the parties did not announce the agreement in open court nor was any agreement signed by counsel of record or the parties.

For the following reasons, we reverse the decision of the chancery court and remand for further proceedings.

## III. STANDARD OF REVIEW

"In general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure [] pursuant to the abuse of discretion standard." *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)). "'Reviewing courts will find an abuse of discretion only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015) (quoting *State v. Parker*, 350 S.W.3d 883, 896-97 (Tenn. 2011)).

## IV. DISCUSSION

Tennessee Rule of Civil Procedure 60.02 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Mr. McNeese argues on appeal that relief is appropriate in this case under subsections (1), (3), and/or (5). Basically, he argues that the trial court lacked authority to enter the agreed order when he had withdrawn his consent to the agreement prior to entry of the order. In response, Mr. and Mrs. Williams argue that it was not necessary for Mr. McNeese to agree to the terms of the settlement the time the agreed order was entered, so long as he consented to the agreement at the point in time when it was made.

The Tennessee Supreme Court addressed this issue nearly thirty years ago in

4

*Harbour v. Brown for Ulrich*, 732 S.W.2d 598, 599-600 (Tenn. 1987).  We quote extensively from the court's concise opinion:

>    This appeal presents the single question:  Can a trial judge enter a valid Order of Compromise and Dismissal after being informed by one of the parties that consent to the compromise has been withdrawn?  We hold that he can not and reverse the judgment dismissing the action.
>    . . . .
>    On the date the actions were set for trial, the parties announced to the court that they had reached an agreement and would submit an order of compromise and dismissal.  The terms of the compromise were not announced to the court and are not part of the technical record.
>    Before entry of any order in the case, it was brought to the chancellor's attention that the defendant had withdrawn his consent to the compromise, and was taking the position that the compromise had been "tentative" as it was contingent upon the action of a third party.  Thereafter, the chancellor entered an order dismissing the case with prejudice . . . .  The chancellor . . . adjudged the matters in controversy to be compromised . . . .
>    The resolution of disputes by agreement of the parties is to be encouraged.  But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment.  *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 87 N.W.2d 311 (1958); *Lee v. Rhodes*, 227 N.C. 240, 41 S.E.2d 747 (1947); *Norton Shores v. Carr*, 59 Mich.App. 561, 229 N.W.2d 848 (1975). *Cf. Kittrelle v. Philsar Development Co*., 50 Tenn.App. 84, 359 S.W.2d 837 (1962).
>    The general rule defining the power of a court to enter a consent judgment is set forth in 49 C.J.S. *Judgments* § 174(b), as follows:
>
>> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.
>
> In making reference to the general rule in *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), the court emphasized that:
>
>> A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting.  It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist

at the very moment the court undertakes to make the agreement the judgment of the court.

The reason for the rule is that a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court. *Van Donselaar*[, 87 N.W.2d at 311]. And, until entered by the court, the matter being the question of an agreement between the parties, either party may repudiate the agreement because of an actual or supposed defense to the agreement. This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

There is no question in this case but that the trial judge knew before he entered the Order of Compromise and Dismissal that the defendant had repudiated the agreement. This being so, the trial judge was without power to enter the Order of Compromise and Dismissal. Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings.

*Id.*

"It is well settled in Tennessee that a trial court cannot 'enter a judgment based upon a settlement agreement when the court had prior notice that one of the parties was repudiating the agreement.'" *Johnston v. Johnston*, No. E2013-00525-COA-R3-CV, 2014 WL 890758, at *11 (Tenn. Ct. App. Mar. 6, 2014), *perm. app. denied* (Tenn. June 20, 2014) (citing *Howard v. Howard,* 991 S.W.2d 251, 256 (Tenn. Ct. App. 1999)). *Harbour* established a "bright line rule that consent may be withdrawn unless and until the terms are announced to the court and approved by it." *Persada v. Persada*, No. E2002-00397-COA-R3-CV, 2002 WL 31640564, at *2 (Tenn. Ct. App. Nov. 22, 2002). *See also Ledbetter v. Ledbetter*, 163 S.W.3d 681, 683 (Tenn. 2005) (holding that a trial court lacked authority to enter a judgment on a verbal mediated agreement when one party repudiated the terms of the agreement prior to its presentation to the court).[2]

---

[2] The general rule is that consent must exist at the time of the consent judgment. *Ledbetter*, 163 S.W.3d at 684. An exception applies "when the terms of an agreement are announced or stipulated in open court," which allows a judge to later enter a consent judgment based on the announced agreement regardless of a party's repudiation between the time of the announcement and the judgment. *Id.* However, this exception is inapplicable in this case as the record contains no evidence that *the terms* of the parties' verbal agreement were announced or stipulated *in open court* prior to the repudiation by McNeese. *See Stricklin v. Stricklin*, No. W2015-00538-COA-R3-CV, 2015 WL 5561032, at *4 (Tenn. Ct. App. Sept. 21, 2015) (*no perm. app. filed*) (explaining that in order for a prior oral agreement to be enforceable under this exception, the agreement must have been announced in open court or in a hearing where the fact and the

6

In the case before us, counsel for Mr. and Mrs. Williams conceded at oral argument that Mr. McNeese's attorney appeared at the October 27, 2014 hearing on the motion to enforce the settlement agreement and informed the court that he was authorized to enter into the agreement when it was made but that Mr. McNeese did not want him to sign the agreed order. A member of this Court specifically questioned counsel for Mr. and Mrs. Williams on this point as follows:

> Q.    So I want to make sure I'm clear though, so you're saying that at the time of the hearing on October 27, Mr. McNeese's attorney at that time said we *had* an agreement but he was explaining that his client had gotten cold feet at that point? Or --
> A.    Correct.
> Q.    Okay, so he didn't say at the October 27 hearing, "we *have* an agreement," he was saying, past tense, "we *had* an agreement, now my client doesn't want to go through with it."
> A.    Well, no, he actually said, "We *had* an agreement." Yes, "we *made* an agreement," I guess would be the way to put it. "We made an agreement but now my client doesn't want me to sign that order."

For the reasons set forth in *Harbour*, the trial judge lacked the power to enter the agreed order when he knew that Mr. McNeese had withdrawn his consent to the oral settlement agreement reached by the parties' attorneys. It does not matter that Mr. McNeese's consent "may at one time have been given." *Harbour*, 732 S.W.2d at 599. The oral agreement did not receive the "sanction of the court" prior to Mr. McNeese's repudiation. *Id.*

In *Whitworth v. Whitworth*, No. E2008-01521-COA-R3-CV, 2009 WL 2502002, at *6-7 (Tenn. Ct. App. Aug. 17, 2009), this Court held that a trial court abused its discretion in denying a motion to set aside a consent judgment where the petitioner had repudiated the agreement and refused to let her attorney sign the consent judgment before it was entered, but the trial judge entered it anyway.

We similarly conclude that the trial judge should have granted Mr. McNeese's motion to set aside the agreed order entered without his consent. The trial court failed to consider the correct legal standard regarding the entry of consent judgments. In addition, the record does not support the trial court's finding that Mr. McNeese's Rule 60 motion was untimely, as it was filed only four months after the entry of the agreed order, and Mr.

---

terms of the agreement were determined).

McNeese retained new counsel during that time period. Relief under Rule 60.02(5) is appropriate "in cases involving extraordinary circumstances or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)). This case involves unique and extraordinary circumstances that justify relief from the operation of the agreed order entered by the trial court without the consent of both parties.

## V. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby reversed and remanded for further proceedings. Costs of this appeal are taxed to the appellees, Wendolyn Carol and Randall Elon Williams, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE