IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 13, 2020 Session

## MC BUILDERS, LLC v. FUAD REVEIZ, ET AL.

### Appeal from the Chancery Court for Hamilton County
No. 15-0500    Pamela E. Fleenor, Judge

_____

### No. E2019-01813-COA-R3-CV

_____

On the day of trial, the parties to this action, through counsel, settled the case amongst themselves and testified in open court as to the specific terms of the settlement and their consent thereto. One party filed a motion pursuant to Tennessee Rule of Civil Procedure 60.02, seeking to repudiate the settlement agreement before the trial court entered an order adopting the settlement and ordering judgment. We affirm the trial court's decision. We also conclude the appeal is frivolous and remand for an assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II and KENNY ARMSTRONG, JJ., joined.

Andrew E. Pate, Knoxville, Tennessee, for the appellants, Fuad Reveiz, Ernest Hofferbert, and Reveiz and Associates, LLC.

Ronald J. Berke, Chattanooga, Tennessee, for the appellee, MC Builders, LLC.

## OPINION

## I.    BACKGROUND

On September 1, 2015, MC Builders, LLC ("Plaintiff") filed this action against Fuad Reveiz, Ernest Hofferbert, and Reveiz and Associates, LLC (collectively "Defendants"), alleging breach of contract and fraudulent misrepresentation. The underlying facts of the claims are not at issue on appeal. On July 6, 2016, Plaintiff filed a

motion for summary judgment. The court denied the motion following a hearing, and the case was set for a trial date of July 11, 2019. Meanwhile, Defendants cycled through two law firms. Upon the second law firm's motion and a finding that "continued representation by counsel has been rendered unreasonably difficult," the trial court allowed counsel to withdraw, ordered a continuance so that Defendants could retain new counsel or proceed pro se, and reset the trial date to July 25, 2019, "regardless of whether Defendants obtain new counsel." Counsel from a third law firm entered an appearance for Defendants on July 12, 2019.

The record shows that on the morning of trial, July 25, 2019, the court invited counsel for both parties to chambers to meet Defendants' new counsel for the first time and to discuss the anticipated length of the proceedings, breaks, lunch time, and the like. At this time, counsel requested to speak to each other outside of chambers. After over an hour's discussion, counsel told the bailiff that they had settled this case. As set forth in the statement of the evidence, the parties entered the courtroom, the bailiff formally opened court, and the trial court received the parties' announcement of their settlement before hearing any proof.[1] Then, all parties were sworn in. No motions were raised before the parties announced their settlement. Each Defendant testified that it was voluntarily entering into the settlement agreement, on the advice of counsel, and each asked the trial court to accept the settlement agreement. Upon the trial court's inquiry, Defendants' counsel affirmed that his clients voluntarily consented to the settlement agreement and that the trial court should accept it. The trial court accepted the settlement agreement and recorded the terms of the settlement in its notes.

On August 20, 2019, Defendants' counsel filed a motion pursuant to Tennessee Rule of Civil Procedure 60.02 to withdraw consent from the settlement agreement and to set a trial. On August 30, 2019, the trial court adopted the settlement agreement as the order of the court. The trial court further ordered that a monetary judgment in the parties' agreed amount plus ten percent per annum prejudgment interest, running from the date the complaint was filed, be entered against Defendants and in favor of Plaintiff, as the parties agreed in the settlement. Defendants did not sign the order. Pursuant to Eleventh Judicial District Local Rule of Practice 5.02 and 5.03, the trial court waived the requirement that Defendants' counsel sign the order because it "reflected precisely the agreement the Parties testified to in Court."

On September 3, 2019, the trial court heard arguments on Defendants' Rule 60.02 motion. The record contains the transcript of this hearing. Following the hearing, the trial court found that all parties were represented by counsel when, by their sworn testimony, they agreed to the terms of the settlement. Accordingly, the trial court denied

---

[1] There is no transcript of the July 25, 2019 proceedings.

Defendants' Rule 60.02 motion by order entered September 26, 2019. Defendants appealed from this order on October 9, 2019.

Defendants filed a statement of the evidence, to which Plaintiff objected. Plaintiff filed its own statement of the evidence. Defendants filed a second Rule 60.02 motion on January 3, 2020. The trial court heard the parties' competing statements of the evidence on February 18, 2020. By order entered March 4, 2020, the trial court identified several problems with Defendants' statement of the evidence and its exhibits, and found that "Defendants' Statement of the Evidence is misstated and is an inaccurate account of what occurred in the trial court." Accordingly, the trial court sustained Plaintiff's objection and confirmed Plaintiff's statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(e).

## II. ISSUES

The dispositive issue in this appeal is whether the trial court erred in denying Defendants' "Motion Pursuant to Rule 60.02" in which they sought to withdraw consent from the settlement agreement. In section B., we will briefly discuss whether Defendants were improperly denied the opportunity to move for a continuance. We will also consider Plaintiff's previously filed motion for frivolous appeal.

## III. STANDARD OF REVIEW

"A Rule 60.02 motion for relief from a judgment is within the sound discretion of the trial court and the court's ruling on a Rule 60.02 motion may not be reversed on appeal unless it is determined that the court abused its discretion." *Holiday v. Shoney's South, Inc.*, 42 S.W.3d 90, 92 (Tenn. Ct. App. 2000) (citations omitted); *see also Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015). Under this standard, we are not permitted to "substitute [our] judgment for that of the trial court[,]" and the trial court's ruling will be upheld unless it affirmatively appears that the "decision was against logic or reasoning, and caused an injustice or injury to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Battleson v. Battleson*, 223 S.W.3d 278, 283 (Tenn. Ct. App. 2006).

# IV.    DISCUSSION

## A.

Tennessee Rule of Civil Procedure 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

Our Supreme Court has specified that:

The general purpose of Rule 60.02 is "'to alleviate the effect of an oppressive or onerous final judgment.'" *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992)).  Rule 60.02 is equally aimed at striking a "proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976).  Thus, relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).  Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule. *Id*.

Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).  Out of respect for the finality afforded to legal proceedings, this "'escape valve' should not be easily opened." *Toney*, 810 S.W.2d at 146.  Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief by clear and convincing evidence. *McCracken* [*v. Brentwood United Methodist Church*], 958 S.W.2d [792, 795 Tenn. Ct. App. 1997].

- 4 -

*Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010).

On appeal, Defendants do not state under which subsection of Rule 60.02 they sought relief. Nor is this apparent from their Rule 60.02 motion filed on August 20, 2019 in the trial court. Defendants contend that the settlement agreement was not final until the trial court's entry of the order confirming the agreement, at which time the court had notice that they no longer consented to its entry. They concede that the agreement was announced under oath in open court prior to their withdrawal of consent. Defendants claim, however, that because there is no transcript or recording of the proceeding, the trial court improperly adopted the parties' settlement after they objected to it in their Rule 60.02 motion. For this reason, Defendants contend that the trial court's August 30, 2019 order "is invalid and subject to reversal." Although we observe that the notice of appeal was filed on October 9, 2019, and acknowledge Plaintiff's arguments on this point, we will address Defendants' argument as to whether the trial court improperly adopted the parties' settlement agreement.

Plaintiff and Defendants cite to *Harbour v. Brown for Ulrich* and *Environmental Abatement, Inc. v. Astrum R.E. Corporation.* In *Harbour*, on the day of trial, "the parties announced to the court that they had reached an agreement and would submit an order of compromise and dismissal. The terms of the compromise were not announced to the court and [were] not part of the technical record." *Harbour v. Brown for Ulrich*, 732 S.W.2d 598, 599 (Tenn. 1987). The parties then informed the court that they would submit a consent order at a later date. Before entry of the order, the court was informed that one of the parties had withdrawn its consent to settle. The court, however, proceeded to enter an order dismissing the case with prejudice. *Id.* In *Environmental Abatement*, a case involving a Tennessee Supreme Court Rule 31 mediation, this court considered the specific issue of "whether a chancellor designated to serve as a 'settlement judge' under local rules of court can enter a consent decree with the knowledge that one of the parties has withdrawn its consent to an oral agreement reached at a 'judicial settlement conference' but not reduced to a writing, transcribed or otherwise entered on the record at the time of the oral agreement." *Envtl. Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530, 532 (Tenn. Ct. App. 2000). Moreover, in *Environmental Abatement* the party who sought to set aside the consent decree "assert[ed] that the order did not accurately reflect the oral agreement reached at the conclusion of the settlement conference." *Id.* at 533. The trial court entered the consent decree. *Id.* In both cases, the trial court's decision was reversed.

The Tennessee Supreme Court thoroughly discussed both of the cases above in *Ledbetter v. Ledbetter*, a case where the parties reached, through Rule 31 mediation, a marital dissolution agreement that was not reduced to a signed writing and that was

repudiated by one of the parties prior to presentment to the court. *Ledbetter v. Ledbetter*, 163 S.W.3d 681, 684 (Tenn. 2005). Our Supreme Court considered "whether the oral agreement . . . received the 'sanction of the court' prior to Mr. Ledbetter's repudiation." *Id*. at 685. The Court stated:

> Citing to language in *Harbour*, the Court of Appeals in *Environmental Abatement* noted an exception to the general rule that consent must exist at the time of judgment. That exception would allow a court to enter a consent judgment "which merely documents an earlier agreement even where consent does not exist at the time of entry of the written order." *Id*. at 538–39. The exception provides further that when the terms of an agreement are announced or stipulated in open court, a judge may later enter a consent judgment based on that agreement regardless of a party's repudiation between the time of the announcement and the judgment. *Id*. at 539. This exception is rooted in the language in *Harbour*, which states that "'[t]he power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.'" *Harbour*, 732 S.W.2d at 599 (quoting 49 C.J.S. *Judgments* § 174(b)).

*Ledbetter*, 163 S.W.3d at 684–85.

In the instant case, the terms of the parties' settlement clearly received the "sanction of the court" at the time of their consent. *Harbour*, 732 S.W.2d at 599. No one disputes that the announcement of the parties' settlement was made through the sworn testimony of each of them, or that the "terms of the agreement in this case were read in open court to the Chancellor who personally asked each of the parties if they consented to the settlement." *REM Enterprises, Ltd. v. Frye*, 937 S.W.2d 920, 922 (Tenn. Ct. App. 1996), *reh'g granted on other grounds*, 958 S.W.2d 747 (Tenn. Ct. App. 1996). Defendants correctly cite the rule that:

> the terms of [a] settlement should be stated to the court and taken down by the reporter or otherwise reduced to writing so as to prevent a dispute as to what are the terms of the settlement, and that an oral stipulation for compromise and settlement made in open court in the presence of the parties and preserved in the record of the court is as binding as a written agreement.

*Envtl. Abatement*, 27 S.W.3d at 539–40. Yet they argue that the above rule and the relevant caselaw stand for the proposition that, absent a transcript or audio recording of the proceedings, a settlement announced in open court is per se invalid. We disagree,

especially considering the facts of this case. Defendants acknowledge that the trial court reduced the specific terms of the parties' settlement agreement to writing through the court's notes taken during the proceeding and handwritten by the court into its order adopting the settlement. Importantly, Defendants do not dispute that the trial court's August 30, 2019 order accurately reflects the terms of the settlement agreement they testified to and announced in open court. All of this was recounted without dispute in the transcript of the hearing on Defendants' Rule 60.02 motion. With the above considerations in mind, we find no error in the trial court's decision to enter the August 30, 2019 order.

"Rule 60.02 cannot be utilized to save a party from choices he has deliberately made, or to protect a party who has failed to protect his own interests." *Cathey v. City of Dickson*, No. M2001-02425-COA-R3-CV, 2002 WL 970429, at *7 (Tenn. Ct. App. May 10, 2002) (citing *Banks v. Dement Const. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991)). Here, we discern no abuse of discretion in the denial of Defendants' Rule 60.02 motion. Accordingly, we affirm.

## B.

Plaintiff requests costs, interest on the judgment, expenses, and reasonable attorney fees on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)). "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

This appeal had no prospect of success. Defendants devote most of their brief to arguing that the trial court's order of August 30, 2019 adopting the settlement agreement as the order of the court is "invalid," rather than addressing, with reference to the proper Rule 60.02 standard, the order actually appealed from. Notably absent from Defendants' brief is any acknowledgement that their assent to the settlement's terms was under oath and upon counsel's advice. Moreover, the trial court found several problems with Defendants' proposed statement of the evidence. For instance, the court noted that: Defendants' statement of the evidence attached a copy of their Rule 60.02 motion with handwritten additions that were not on the original motion; Defendants falsely asserted that on the trial date a hearing was held in chambers, prompting settlement; Defendants incorrectly alleged that the trial court ordered the parties to "talk" when, in actuality, the parties themselves sought to confer outside of chambers and outside of the courtroom; and Defendants falsely claimed that the trial court would not permit pretrial motions, such as a motion for continuance, where they did not file any such pretrial motion. Defendants reassert this meritless claim as an issue on appeal in the face of a record that contains no evidence that any motion for continuance was ever made, either orally or in writing, before the parties announced the settlement in open court, under oath.

With all of the above considerations in mind and exercising our discretion, we grant Plaintiff's request for attorney fees, costs, and expenses incurred on appeal.

## V.    CONCLUSION

We affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion, including a determination of the proper amount of appellate attorney fees, costs, and expenses, and entry of judgment thereon. Costs of the appeal are taxed to the appellants, Fuad Reveiz, Ernest Hofferbert, and Reveiz and Associates, LLC.

_____
JOHN W. McCLARTY, JUDGE